UNITED STATES DISTIRCT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EFFYIS, INC., a Michigan corporation, and HOTTOLINK, INC., a Japanese corporation, | CASE NO. <br><br> HON. |
| Plaintiffs, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY DAMAGES (DEMAND FOR JURY TRIAL)** |
| DARREN KELLY, an individual, | |
| Defendant. | |

ABBOTT NICHOLSON, P.C.
WILLIAM D. GILBRIDE, JR. (P36830)
CHRISTOPHER R. GURA (P58437)
ERIN R. COBANE (P81910)
Attorneys for Plaintiffs
300 River Place, Suite 3000
Detroit, MI 48207-4225
Phone:  (313) 566-2500
Fax:     (313) 566-2502
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com
ercobane@abbottnicholson.com

LICATA LAW GROUP
LOUIS J. LICATA (Ohio No. 0007034)
DAVID J. KOVACH (Ohio No. 0021117)
Attorneys for Plaintiffs
4500 Rockside Road, Suite 420
Independence, OH 44131
Phone: (216) 573-6000
Fax:     (216) 920-9998
ljl@licatalaw.com
djk@licatalaw.com

## COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY DAMAGES (DEMAND FOR JURY TRIAL)

For their Complaint against Defendant, Darren Kelly ("Kelly"), the Plaintiffs, Effyis, Inc. ("Effyis") and Hottolink, Inc. ("Hottolink"), allege as follows:

## PARTIES

1. Effyis is a Michigan corporation, with its principal place of business located in Troy, Michigan.

2. Hottolink is a Japanese corporation, with its principal place of business located in Tokyo, Japan.

3. Kelly is a Colorado citizen, the former President of Effyis, and a former director of Effyis and Hottolink.

## JURISDICTION AND VENUE

4. This Court is vested with jurisdiction under 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000.

5. Venue is proper because (a) a substantial part of the events or omissions giving rise to the claims occurred in this District, and (b) the employment agreement between the parties, which undergirds Count Two of this Complaint, contains a forum-selection clause establishing venue in this District.

## FACTS

6. Kelly and Scott Purdon ("Purdon") previously owned a different version of Effyis. For the purpose of sale, Effyis Acquisitions, Inc., was formed in December 2014 and thereafter, Effyis was merged into Effyis Acquisitions, Inc.

7. On or about January 2015, Hottolink acquired Effyis Acquisitions, Inc., and then changed the name of the company to "Effyis, Inc."

8. In connection with the acquisition of Effyis, both Hottolink and Effyis entered into employment agreements with Kelly and Purdon in January 2015.

9. In connection with the acquisition of Effyis, Kelly was hired as Effyis' President and Purdon was hired as Effyis' Chief Executive Officer.

10. In connection with the acquisition of Effyis, both Kelly and Purdon were placed on the Board of Directors of Effyis and Hottolink.

11. In connection with the acquisition of Effyis, Hottolink served as Guarantor of the employment agreements.

12. An authentic copy of Kelly's employment agreement is attached and marked as "Exhibit 1."

13. In addition to employment agreements, Hottolink issued Promissory Notes to both Kelly and Purdon for loans received as part of the transaction to acquire Effyis Acquisition, Inc.

14. The Promissory Note to Kelly was for $1,984,920 with a maturity date of January 2019.

15. Approximately two years after the acquisition, Plaintiffs notified Kelly that they were terminating his employment for "Cause" under Section 5 of the employment agreement effective February 24, 2017.

16. Upon receiving the Notice of Termination, Kelly retained counsel and asserted that the termination was not for "Cause" under Section 5 of the employment agreement and demanded that the Plaintiffs continue to pay him at least his base annual salary of $300,000 for the balance of the four-year term of the agreement.

17. Plaintiffs asserted and continue to assert that they terminated Kelly's employment for "Cause," and, therefore, are not obligated to pay him for anything other than the "Accrued Amounts" under Section 5 of the employment agreement.

18. The parties, with legal counsel, then engaged in discussions to settle their dispute.

19. On April 12, 2017, Purdon and Kelly directly entered in a global settlement of all claims. The settlement was confirmed in writing through an email exchange between Purdon and Kelly on April 12 and 13, 2017.

3

20. In the April 12, 2017 email which he sent to Kelly, Purdon wrote:

> "Thank you for all your participation and support during this very difficult situation!
>
> Please respond to this email with your confirmation (YES I CONFIRM). Once I have your confirmation, we can get the attorneys to finalize the necessary legal paperwork so that HL can process your payment.
>
> 1) Full Loan Repayment
> 2) $15,000 USD Payment
> 3) Signed waivers (US and Japan)"

21. The next morning, Kelly responded to Purdon's email offer. In the very first sentence, Kelly wrote:

> "Yes, I confirm.
>
> I am doing this because I have the best interest of the shareholders in mind.
>
> I continue to vigorously deny the allegations made against me and they must be retracted in the waiver documents.
>
> If this settlement is not completed in a timely basis, I will immediately take action in the courts to defend my rights.
>
> My Michigan and Japanese attorneys are copied.
>
> Thank you, Scott, for your great assistance in this matter."

22. Plaintiffs promptly drafted a settlement agreement containing the essential terms of the settlement, but devoid of any of the stated reasons for the termination of Kelly's employment, and submitted the draft of the settlement agreement to Kelly. Attached as "Exhibit 2" is a copy of that draft agreement.

23. Kelly refused and continues to refuse to sign the settlement agreement. Instead, he has demanded even more money.

24. Kelly's failure to execute the settlement agreement is a breach of the parties' agreement.

25. Kelly's failure to execute the settlement agreement has caused Plaintiffs economic and reputational harm and will continue to do so in the future.

## CLAIMS

### COUNT ONE:
### DECLARATORY JUDGMENT (SETTLEMENT AGREEMENT)

26. Incorporating the allegations contained in Paragraphs 6 through 25, Plaintiffs further allege that this Court is vested with authority to enter a declaratory judgment pursuant to 28 U.S.C. § 2201.

27. Plaintiffs and Kelly settled the dispute arising from the termination of Kelly's employment, and Kelly accepted, in writing, the essential terms of that settlement.

28. Plaintiffs require a declaratory judgment finding a valid and binding settlement between the parties to protect Plaintiffs' rights associated with the settlement into which they entered with Kelly.

29. Kelly has refused to execute the settlement agreement and has repudiated any duty to do so.

30. As a result, there is a case in actual controversy before the court, and this Court is vested with the statutory authority to declare the rights and obligations of the parties.

## COUNT TWO:
## DECLARATORY JUDGMENT (CAUSE)

31. Incorporating the allegations contained in Paragraphs 6 through 30, Plaintiffs further allege that, on February 24, 2017, they notified Kelly that they were terminating his employment with "Cause."

32. Attached as "Exhibit 3" is an authentic copy of the written notice of termination.

33. Kelly asserts that the termination of his employment was without "Cause."

34. As a result, there is a case in actual controversy between Plaintiffs and Kelly, and Plaintiffs require a declaratory judgment finding that they terminated that employment with "Cause" under Section 5 of the employment agreement.

## COUNT THREE:
## BREACH OF FIDUCIARY DUTY

35. Incorporating the allegations contained in Paragraphs 6 through 34, Plaintiffs further allege that, as President of Effyis and as a director of both Plaintiffs, Kelly owed those companies the fiduciary duties of care and loyalty to act in good

faith for the benefit of Plaintiffs and to subordinate his personal interests to those of Plaintiffs.

36. Kelly breached his fiduciary duties by, among other items, (a) failing to fully, diligently, competently, and to the best of his ability, devote sufficient business time and attention to the performance of his duties; (b) failed to restore, maintain, and grow the profitability of Effyis; (c) repeatedly provided incorrect information and projections (budgets, revenue projections, sales forecasts, profitability, closing dates, cash flow projections, business opportunities, etc.) that rose to the level of incompetence; (d) skied, hiked and traveled often rather than devoting sufficient time to meet even modified budgetary goals; (e) failed to cooperate with auditors; (f) placed his personal financial interests ahead of those of Plaintiffs; and (g) impaired the reputation and financial health of Hottolink by decreasing twice the annual Hottolink forecast to the stock market.

37. As a result of Kelly's breaches of his fiduciary duties to the Plaintiffs, the Boards of Directors of the Plaintiffs were deprived of the ability to make informed and correct decisions and caused the release of two negative announcements to the Japanese stock market of decreased annual earnings, which impaired the financial positions of the Plaintiffs; and the Boards were prevented from engaging in meaningful discussions regarding a salary reduction.

38.     As a result, Kelly damaged Plaintiffs, in an amount yet to be determined, by, in any event, in excess of $75,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand that this Court enter judgment against Defendant:

A.     Declaring that Plaintiffs and Defendant settled all claims between them on April 13, 2017, the essential terms of which are that (a) the parties will waive their respective claims, (b) Plaintiffs will repay the loan it secured from Defendant, and (c) Plaintiffs will pay Defendant an additional $15,000.

B.     Alternatively, declaring that (a) Plaintiffs terminated the employment of Defendant for "Cause" under the employment agreement between Plaintiffs and Defendant, and (b) Defendant breached his fiduciary duties to Plaintiffs.

C.     Awarding Plaintiffs all of its and their actual compensatory damages in amounts to be determined by a jury, plus all of their costs, interest and attorney fees so wrongfully incurred and such other and further relief as this Court finds to be equitable and just.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury under Civil Rule 38(b).

Dated:  October 30, 2018    Respectfully submitted,

ABBOTT NICHOLSON, P.C.

By: /s/William D. Gilbride, Jr.
WILLIAM D. GILBRIDE, JR. (P36830)
CHRISTOPHER R. GURA (P58437)
ERIN R. COBANE (P81910)
Attorneys for Plaintiffs
300 River Place, Suite 3000
Detroit, MI 48207-4225
Phone: (313) 566-2500
Fax:    (313) 566-2502
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com
ercobane@abbottnicholson.com

LICATA LAW GROUP
LOUIS J. LICATA (Ohio No. 0007034)
DAVID J. KOVACH (Ohio No. 0021117)
Attorneys for Plaintiffs
4500 Rockside Road, Suite 420
Independence, OH 44131
Phone: (216) 573-6000
Fax:    (216) 920-9998
ljl@licatalaw.com
djk@licatalaw.com

4832-1556-6201, v. 2

9