UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EFFYIS, INC., a Michigan corporation,
and HOTTOLINK, INC., a Japanese
corporation,

      Plaintiffs/Counter-Defendants,

      v.

DARREN KELLY, an individual,

      Defendant/Counter-Plaintiff.

Case No. 18-CV-13391

Hon. Robert H. Cleland

**<u>PLAINTIFFS/COUNTER-
DEFENDANTS' MOTION FOR
SANCTIONS PURSUANT TO
FED. R. CIV. P. 26(g)</u>**

---

ABBOTT NICHOLSON, P.C.
**WILLIAM D. GILBRIDE, JR. (P36830)**
**CHRISTOPHER R. GURA (P58437)**
Attorneys for Plaintiffs/Counter-
  Defendants
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
Phone:  (313) 566-2500
Fax:     (313) 566-2502
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com

LICATA LAW GROUP
LOUIS J. LICATA (Ohio No. 0007034)
Attorneys for Plaintiffs/Counter-
  Defendants
4500 Rockside Road, Suite 420
Independence, Ohio 44131
Phone:  (216) 573-6000
Fax:     (216) 920-9998
ljl@licatalaw.com

HOWARD & HOWARD
ATTORNEYS PLLC
**DANIEL L. VILLAIRE (P60132)**
Attorney for Defendant/Counter-
  Plaintiff
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone:   (248) 723-0529
dlv@h2law.com

---

## <u>PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION<br>FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26(g)</u>

Pursuant to Rule 26 of the Federal Rule of Civil Procedure, Plaintiffs/Counter-Defendants, Effyis, Inc. and Hottolink, Inc. (collectively, "Plaintiffs"), respectfully move this Court for an order imposing appropriate sanctions on Defendant/Counter-Plaintiff Darren Kelly for improper certifications made on his behalf by his counsel, Daniel Villaire, in serving certain discovery requests on Plaintiffs during the above-captioned proceedings.

As set forth in the attached Memorandum in Support, Kelly's discovery requests were overbroad, interposed for the purpose of causing delay, needlessly increased the costs of litigation, and were unreasonable and unduly burdensome in relation to the needs of the case at that stage. Plaintiffs are therefore entitled to payment of reasonable expenses caused by the violation.

In accordance with LR 7.1(a)(2), Plaintiff's counsel, Louis Licata, emailed opposing counsel requesting concurrence in the relief being requested in this motion. However, concurrence in the relief requested was not provided.

Dated:  November 27, 2019  Respectfully submitted,

ABBOTT NICHOLSON, P.C.

By: /s/ William D. Gilbride, Jr.
   WILLIAM D. GILBRIDE, JR. (P36830)
   CHRISTOPHER R. GURA (P58437)
   Attorneys for Plaintiffs/Counter-Defendants
   300 River Place, Suite 3000
   Detroit, MI 48207-4225
   Phone:  (313) 566-2500
   Fax: (313) 566-2502
   wdgilbride@abbottnicholson.com
   crgura@abbottnicholson.com

   LICATA LAW GROUP
   **LOUIS J. LICATA (Ohio No. 0007034)**
   Attorneys for Plaintiffs/Counter-Defendants
   4500 Rockside Road, Suite 420
   Independence, OH 44131
   Phone:  (216) 573-6000
   Fax: (216) 920-9998
   ljl@licatalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EFFYIS, INC., a Michigan corporation,
and HOTTOLINK, INC., a Japanese
corporation,

      Plaintiffs/Counter-Defendants,

      v.

DARREN KELLY, an individual,

      Defendant/Counter-Plaintiff.

Case No. 18-CV-13391

Hon. Robert H. Cleland

**<u>MEMORANDUM IN SUPPORT
OF PLAINTIFFS'/COUNTER-
DEFENDANTS' MOTION FOR
SANCTIONS PURSUANT TO
RULE 26(g)</u>**

---

ABBOTT NICHOLSON, P.C.
**WILLIAM D. GILBRIDE, JR. (P36830)**
**CHRISTOPHER R. GURA (P58437)**
Attorneys for Plaintiffs/Counter-
  Defendants
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
Phone:  (313) 566-2500
Fax:     (313) 566-2502
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com

LICATA LAW GROUP
LOUIS J. LICATA (Ohio No. 0007034)
Attorneys for Plaintiffs/Counter-
  Defendants
4500 Rockside Road, Suite 420
Independence, Ohio 44131
Phone:  (216) 573-6000
Fax:     (216) 920-9998
ljl@licatalaw.com

HOWARD & HOWARD
ATTORNEYS PLLC
**DANIEL L. VILLAIRE (P60132)**
Attorney for Defendant/Counter-
  Plaintiff
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone:   (248) 723-0529
dlv@h2law.com

---

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 26(g)</u>

NOW COME Plaintiffs/Counter-Defendants, Effyis, Inc. and Hottolink, Inc., by and through their counsel, and in support of their Motion for Sanctions, hereby represent and state as follows:

# **TABLE OF CONTENTS**

STATEMENT OF QUESTION PRESENTED ........................................................ ii

CONTROLLING AUTHORITIES ........................................................................ iii

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................1

    A. Discovery Disputes .....................................................................................1

ARGUMENT .......................................................................................................4

    A. Rule 26(g) imposes an affirmative duty on parties and their counsel to

       behave responsibly during discovery .........................................................4

    B. Kelly and his counsel violated their affirmative duty to behave

       responsibly during discovery by serving overbroad, unduly burdensome,

       and needlessly expensive Requests for Production without "reasonable

       inquiry" ......................................................................................................6

    C. Kelly and his counsel violated Section 26(g)'s certification

       requirements without "substantial justification" and sanctions are

       therefore mandatory ..................................................................................10

    D. Rule 26(g) sanctions may include payment of the non-violating

       party's "reasonable expenses, including attorney's fees, caused by the

       violation." ................................................................................................12

CONCLUSION ...................................................................................................15

## <u>STATEMENT OF QUESTIONS PRESENTED</u>

Whether the Court should, pursuant to Fed. R. Civ. P. 26(g)(3), impose sanctions on Defendant/Counter-Plaintiff and/or his counsel and award to Plaintiffs/Counter-Defendants their reasonable costs caused by Defendant's and his counsel's improper certification of certain discovery requests.

Plaintiffs/Counter-Defendants answer: Yes.
Defendant/Counter-Plaintiff answers:

## CONTROLLING AUTHORITIES

Fed. R. Civ. P. 26(g)

*Jones v. Illinois Central R.R. Co.*,
..........617 F.3d 843 (6th Cir. 2010)

*Surles ex rel. Johnson v. Greyhound Lines, Inc.*,
474 F.3d 288 (6th Cir. 2007)

*McHugh v. Olympia Entm't, Inc.*,
37 Fed. Appx. 730 (6th Cir. 2002)

*Brown v. Tellermate Holdings Ltd.*,
2014 WL 2987051 (S.D. Ohio July 1, 2014)

*Laukus v. Rio Brands, Inc.*,
292 F.R.D. 485 (N.D. Ohio 2013)

*Mancia v. Mayflower Textile Servs. Co.*,
253 F.R.D. 354 (D. Md. 2008)

*Washington v. City of Detroit*,
2007 U.S. Dist. LEXIS 12100 (Feb. 22, 2007)

*United States ex rel. Scott v. Metro. Health Corp.*,
2005 U.S. Dist. LEXIS 51503 (W.D. Mich. Sept. 29, 2005)

# I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

## A.    <u>Discovery Disputes</u>

Plaintiffs/Counter-Defendants, Effyis, Inc. ("Effyis") and Hottolink, Inc. ("Hottolink") (herein collectively referred to as "Plaintiffs"), terminated the employment of Defendant/Counter-Plaintiff, Darren Kelly ("Kelly"), and removed him from their management approximately three years ago.  Thereafter, a dispute arose as to the alleged wrongfulness of Kelly's termination, alleged breaches of fiduciary duty by Kelly prior to his termination, and the disputed existence of a settlement agreement entered into by Plaintiffs and Kelly.

The Plaintiffs filed their Complaint in the above-captioned matter on October 31, 2018 addressing the various disputes between the parties.  Kelly filed his answer on January 4, 2019.   Kelly served his First Interrogatories on February 5, 2019.  Concurrently, Kelly served his First Requests for Production of Documents (the "First RFP," attached hereto as Exhibit 1).   The First RFP contained **ninety-eight (98)** requests for the production of documents in some cases seeking documents from as early as 2015 and in other cases seeking documents without reference to time or meaningful subject matter constraints.

Thereafter, the parties jointly filed a Discovery Plan pursuant to Fed. R. Civ. P. 26(f) on February 7, 2019.  (Attached hereto as Exhibit 2.)  In that discovery plan, the Plaintiffs were specifically advised and approved estimated discovery

costs of up to about $15,000 for discovery related to the existence of the settlement agreement and estimated discovery costs of up to $50,000 for the entire case. (Exhibit 2 at 5.)

In response to the First RFP and the Discovery Plan, Plaintiffs filed their Motion to Bifurcate Discovery and Amend Scheduling Order (the "Motion to Bifurcate," attached hereto as Exhibit 3). Therein, Plaintiffs respectfully moved this Court to bifurcate discovery pursuant to Fed. R. Civ. P. 26(c) and to apply the principle of proportionality to limit discovery to the Plaintiffs' claim that a settlement agreement existed. Kelly filed his Response to the Motion to Bifurcate on March 15, 2009. Plaintiffs filed their Reply to Response to Motion to Bifurcate on March 22, 2019. This Court denied the Motion to Bifurcate on May 1, 2019.

To aid with propounding, organizing, and storing the large amounts of data the First RFP sought, counsel for Plaintiffs retained the services of N1 Discovery, LLC ("N1D"). On March 14, 2019, counsel for Plaintiffs and N1D entered into a Statement of Work (attached hereto as Exhibit 4) to provide such services as would be necessary for facilitating discovery in these proceedings.

During the pendency of the Motion to Bifurcate, several discovery disputes arose between the parties. Louis Licata, counsel for Plaintiffs ("Licata"), reached out to Daniel Villaire ("Villaire"), counsel for Kelly, on March 7, 2018 requesting "Exhibit 1" which was purportedly attached to the First RFP. After receiving no

response for more than a month, on April 12, 2019 Licata reached out again requesting the missing exhibit. Villaire responded with the exhibit on April 16. The email in which Villaire responded is attached hereto as Exhibit 5, at page 1.

On April 29, 2019, during a status conference Licata indicated that responding to the ninety-eight requests in the First RFP was cumbersome and time-consuming due to the lack of time frames listed in nearly all of the requests and the breadth of documentation sought. Licata indicated at that time that responding completely to the First RFP would yield more than 10,000 emails. Villaire sent correspondence on April 30, 2019 attempting to clarify issues raised at the status conference. (Exhibit 5 at 2.) Licata responded on May 6, 2019 and raised several additional open issues. (Exhibit 5 at 3.) From this point, communications from Villaire stalled.

Despite thrice following up with Villaire, it was not until June 10, 2019 that Licata and Villaire spoke via phone in an attempt to resolve the open discovery issues. (Exhibit 5 at 4–6.) Various other correspondence was exchanged over the course of the next two months. Villaire was notified at various times that the ninety-eight requests in the First RFP required review of tens of thousands of emails to determine which, if any would be responsive. Despite the volume of documentation, little-to-no effort was made to narrow the requests in the First RFP, rather Villaire insisted in correspondence dated July 22 and July 25, 2019 that

3

Plaintiffs had not fully responded to the First RFP. (Exhibit 5 at 7–8, 9, respectively.) Discovery was closed in the above-captioned proceeding on July 31, 2019.

Plaintiffs filed their Motion for Summary Judgment on August 30, 2019 seeking summary judgment on, *inter alia*, the issue of whether a settlement agreement existed between the parties. This Court entered its Opinion and Order Granting Plaintiffs' Motion for Summary Judgment on October 31, 2019 and rendered judgment in favor of Plaintiffs. As of that date, Plaintiffs had incurred more than $21,000 in expenses related to the N1D engagement in an attempt to handle the First RFP. Invoices for N1D's services are attached hereto as Exhibit 6.

## II.    ARGUMENT

### A. <u>Rule 26(g) imposes an affirmative duty on parties and their counsel to behave responsibly during discovery</u>

Fed. R. Civ. P. 26(g) sets forth certain conditions attached to certifications made by individuals when they sign disclosures and discovery requests, responses, or objections. It requires that each of these is signed by at least one attorney or unrepresented party and it makes such signature a certification by the signer that:

> [W]ith respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case,

prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(A)–(B).  The Advisory Committee goes on to explain that Rule 26(g) "imposes an affirmative duty to engage in pretrial discovery in a responsible manner" and, furthermore, "is designed to curb abuse by explicitly encouraging the imposition of sanctions."  *Id.* at advisory committee's note to the 1983 amendments.

The sanctions encouraged by the Advisory Committee were intended to, in part, "provide[] a deterrent to . . . excessive discovery . . . by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request."  *Id.*  In so deterring, Rule 26(g) was intended to ensure that parties to litigation conduct discovery in a way that is in line with the "spirit and purposes" of the various discovery rules, including those mandating proportionality and the avoidance of undue burden or unnecessary expense.  *See id.*

Rule 26(g)'s requirements have been interpreted in courts to require cooperation and communication as opposed to "contrariety" or confrontation.  *See Brown v. Tellermate Holdings Ltd.*, No. 2:11-cv-1122, 2014 WL 2987051, at *16 (S.D. Ohio July 1, 2014) (quoting *Mancia v. Mayflower Textile Servs.*, 253 F.R.D. 354, 357–58 (D. Md. 2008)).  "It cannot seriously be disputed that compliance with the 'spirit and purposes' of these discovery rules requires cooperation by counsel to identify and fulfill legitimate discovery needs, yet avoid seeking discovery the

cost and burden of which is disproportionally large to what is at stake in the litigation." *Id.* (quoting *Mancia*, 253 F.R.D. at 357–58).

Other sections of Rule 26 reinforce this focus on cost minimization and cooperation during the discovery process, including mandatory disclosures under Rule 26(a) and "meet and confer" obligations under Rule 26(f). *Id.* Together with Rule 26(g), the rule suggests that the focus in conducting discovery must be on the actions of the parties in relation to each other and to the needs of the case, and that efforts at slowing down or multiplying the expenses of the other party are expressly counter to the "spirit and purposes" of the discovery rules.

**B. <u>Kelly and his counsel violated their affirmative duty to behave responsibly during discovery by serving overbroad, unduly burdensome, and needlessly expensive Requests for Production without "reasonable inquiry"</u>**

The First RFP contained ninety-eight (98) requests for production which included, among other things, requests for:

1.  All agendas, reports, and notes from all monthly meetings held in Japan for both Plaintiffs beginning in 2015;

2.  All earnings reports from Plaintiffs beginning in 2015;

3.  All budgets and forecasts from Plaintiffs beginning in 2015;

4.  Four (4) separate, duplicative requests for evidence related to the allegation that Kelly was skiing instead of devoting time to his corporate duties, without time constraint;

5.  Four (4) separate, duplicative requests for evidence related to the allegation that Kelly was hiking instead of devoting time to his corporate duties, without time constraint;

6.  Four (4) separate, duplicative requests for evidence related to the allegation that Kelly was travelling instead of devoting time to his corporate duties, without time constraint;

7.  All notes of all oral conversations **and** all meetings between Kelly and employees of Plaintiff, without time constraint;

8.  Despite the above, a separate, duplicative request for all documents which "reflect or relate to **any conversations**" between Plaintiffs or their employees and Kelly, without time or subject matter constraint;

9.  Despite the above, nineteen (19) separate and duplicative requests for documents related to conversations between Kelly and nineteen (19) specific employees of Plaintiffs.

From an early stage, Plaintiffs made every attempt to inform Kelly and Villaire that these requests were excessively broad and would require review of tens of thousands of documents before production could even begin and may very well produce upwards of ten thousand documents.  (Exhibit 5 at 3.)  Thereafter, Villaire engaged in a course of conduct that was contrarian and confrontational when he communicated at all.  Kelly and Villaire refused to agree to the Motion to

Bifurcate which was ultimately denied.  (Exhibit 3 at 4.)  Villaire insisted on specific responses to all ninety-eight of the document requests and insisted on adherence to unrealistic timelines, despite several communications that the volume of documents did not allow for specific responses to all ninety-eight requests for production and that, despite the retention of N1D, the task of reviewing 20,000 documents was monumental and slow.  (Exhibit 5 at 7–9, 10–12.)

Therefore, this Court should find that the requests for production were unduly burdensome and unnecessarily expensive and that Villaire certified such requests without reasonable inquiry into the volume of documents that they would produce.  The First RFP was a vintage case of excessive discovery intended to freeze up an opposing party and to unnecessarily multiply the costs of litigation, two practices which are expressly counter to the "spirit and purposes" of discovery as set forth in Rule 26.  *See Mancia*, 253 F.R.D. at 362 ("A lawyer who seeks excessive discovery . . . or pursues discovery in order to make the cost for his or her adversary so great that the case settles . . . or who delays the completion of discovery to prolong the litigation in order to achieve a tactical advantage . . . is . . . violating his or her duty of loyalty to the 'procedures and institutions' the adversary system is intended to serve.")

Villaire had an affirmative duty to reasonably inquire as to the burden ninety-eight document requests would place on Plaintiffs. Fed. R. Civ. P. 26(g)(1).

8

A reasonable inquiry requires that the certifying individual engage in a reasonable investigation and draw conclusions therefrom in a reasonable manner. *Brown*, No. 2:11-cv-1122, 2014 WL 2987051, at *17 (citing *Quinby v. WestLB AG*, 2005 WL 3453908, at *4 (S.D.N.Y. Dec. 15, 2005). "Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." *Id.* (internal quotations omitted); Fed. R. Civ. P. 26(g) advisory committee notes to the 1983 amendments.

If Villaire had inquired, reasonably or otherwise, in February 2019 prior to sending the First RFP, he would have been informed, as he was throughout the discovery process, that the requests would require review of tens of thousands of documents prior to production and that production may very well yield the ten thousand documents it did. Such inquiry, however, is glaringly absent in this case.

The Sixth Circuit has held in another context under Rule 26 that undue burden was a sufficient ground for denying a motion to compel discovery responses. *See Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288. In *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, the Sixth Circuit held that ordering discovery that would entail the review, pre-production, of over 6,500 files accounting for nearly 2,200 hours of labor and approximately $44,000 in legal fees would have been unduly burdensome and therefore denied a motion to compel. *Id.* at 306. The jury at trial awarded $8 million in damages. *Id.* at 291. Despite these

high stakes, the Sixth Circuit affirmed the district court's finding that the scope of discovery needed to be narrowed because the burden on Defendant would have been undue. *Id.* at 306.

Likewise here, the pre-production review of the documents contemplated by the ninety-eight requests for production in the First RFP required review of tens of thousands of documents, encompassing tens of thousands of pages. Plaintiffs incurred substantial costs and legal fees as a result. (Exhibit 6, Declaration of Louis Licata attached hereto as Exhibit 7.) Unlike in *Greyhound*, however, the stakes in this case were substantially lower. The burden in this case was undue and could have been avoided in part, if not altogether, if Villaire had performed his affirmative duty to cooperate during the discovery process and to reasonably inquire into the First RFP as required by Rule 26. He did not, and therefore he violated Rule 26.

C. **Kelly and his counsel violated Section 26(g)'s certification requirements without "substantial justification" and sanctions are therefore mandatory**

The commitment to the principles of cooperation and compromise embodied in Rule 26(g) is so powerful that Rule 26(g) *mandates* sanctions be imposed on those whose certifications violate it. *McHugh v. Olympia Entm't, Inc.*, 37 Fed. Appx. 730, 741 (6th Cir. 2002); Fed. R. Civ. P. 26(g)(3) ("If a certification violates this rule without substantial justification, the court . . . *must* impose an appropriate

sanction on the signer, that party  on whose behalf the signer was acting, or both.")

(emphasis added).  This mandate contains a safe harbor for individuals who violate

Rule 26 with "substantial justification."   The Supreme Court has held that

"substantially justified" means "justified in substance or in the main—that is,

justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*,

487 U.S. 552, 565 (1987).

In *Jones v. Illinois Central R.R. Co.*, the Sixth Circuit upheld sanctions

imposed under Rule 26(g) against the defendant for, in part, refusing to produce

certain documents because of a claim that they were privileged.  617 F.3d 843, 855

(6th Cir. 2010).  The Sixth Circuit held that the sanctions imposed by the district

court were appropriate because the claim of privilege was implausible and

therefore the defendant's attorney was not substantially justified in refusing to

respond. *Id.*

Likewise, this Court found in *Washington v. City of Detroit*, that sanctions

imposed by a magistrate judge under Rule 26(g) were appropriate where counsel

for the defendant failed to sign responses to the plaintiff's requests for production

and signed responses to interrogatories despite knowing they were directed to an

individual with official representative authority.  2007 U.S. Dist. LEXIS 12100, at

*6.  This court further found that the magistrate judge did not abuse his discretion

in finding that the violations were without substantial justification for not making a

11

reasonable inquiry into the proper person to whom to direct the interrogatories.  *Id.* at *6–7.

In this case, Villaire represented Kelly as the former Chief Executive Officer of Effyis and a former member of the Board of Directors of Hottolink.  Kelly was intimately involved in the sale of Effyis to Hottolink, the budgeting and forecasting procedures at Effyis, and was a regular user of email for communications between himself and Plaintiffs and their employees.   Kelly was, therefore, likewise intimately familiar with the volume of documents that the First RFP sought.  As discussed above, had Villaire performed any inquiry with Plaintiffs or his own client prior to sending the First RFP, he would have quickly learned of the discovery struggles that would, and did, ensue.  It does not appear, however, that he made such inquiry with his client.  This failure, considering his client and the degree of communication between Villaire and Licata related to this case, is unreasonable under the Supreme Court's definition and therefore, unjustified.  *See Jones*, 617 F.3d at 855; *Washington*, 2007 U.S. Dist. LEXIS 12100, at *6–7.

### D. Because Villaire Violated Rule 26(g) Without Reasonable Justification, Kelly and Villaire Should Be Assessed Sanctions in the Amount of Plaintiffs' Costs for Retaining N1D

Although the award of sanctions under Rule 26(g) is mandatory upon showing an unjustified violation of it, courts are granted broad authority for fashioning those sanctions to fit the case.  Fed. R. Civ. P. 26(g)(3).  "[Sanctions

under Rule 26(g)(3)] may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."  Courts in the Sixth Circuit have awarded a wide range of monetary sanctions, including varying awards of attorney's fees caused by the sanctionable conduct.  *See, e.g.*, *Jones*, 617 F.3d at 850 (upholding sanctions in the amount of "attorney fees [the plaintiff] incurred in pursuing the train-crew documents, investigating Grace's testimony, and preparing the sanctions motion."); *Brown*, 2014 WL 2987051, at *26 (imposing sanctions on defendant in the amount of "reasonable attorneys' fees and costs incurred in the filing and prosecution" of two motions "as well as in the filing of any motions to compel discovery" relating to certain discovery); *Washington*, 2007 U.S. Dist. LEXIS 12100, at *7 (finding that magistrate judge's imposition of sanctions in the amount of reasonable attorney's fees in connection with a motion to compel was not an abuse of discretion); *United States ex rel. Scott v. Metro Health Corp.*, 2005 U.S. Dist. LEXIS 515053, at *31 (W.D. Mich. Sept. 29, 2005) (awarding costs of approximately $19,000 and attorneys' fees and expenses as sanctions).  At least one court has gone so far as to sanction a party by dismissing their claim with prejudice, in part for violations of Rule 26(g), as well as awarding attorneys' fees. *See Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 515 (N.D. Ohio 2013) (dismissing the claim with prejudice and awarding defendants all attorney's fees and expenses

for discovery, a motion for summary judgment, and related to the motion for sanctions.)

In this case, Plaintiffs respectfully submit that an appropriate measure of sanctions for Villaire's violations of Rule 26 is the cost of retaining N1D to facilitate the review and production of the large volume of documents requested in the First RFP as well as attorneys' fees incurred by Plaintiffs in producing the more than ten thousand responsive documents. Plaintiffs incurred approximately $21,000 in costs for work performed by N1D. (Exhibit 6.) Such costs could have been largely eliminated but for Villaire's failure to reasonably inquire into the burden the First RFP would place on Plaintiffs.

Plaintiffs further incurred substantial legal fees related specifically to discovery in preparation for the Motion for Summary Judgment and potential trial on the merits. Such preparation required further, more detailed review of the documents produced. Because of the volume of documents, detailed review of the documents produced was impossible prior to the close of discovery on July 31, 2019. Therefore, Licata was forced to engage in substantial post-production review of not only the documentation Kelly produced, but also the approximately ten thousand documents Plaintiffs produced to completely respond to the ninety-eight requests in the First RFP.

While Plaintiffs are sensitive to the fact that both sides incurred substantial legal fees in conducting the prior proceedings in this case, it is Plaintiffs' position nonetheless that the conduct during discovery warrants sanctions in the amount of legal fees related to discovery procedures. Plaintiffs incurred nearly $70,000 in fees related to discovery (see Exhibit 7) and respectfully request that Kelly and/or Villaire be sanctioned in that amount, as well as the $21,000 in costs for N1D services, and that Plaintiffs be awarded the same.

## III.   CONCLUSION

Rule 26(g) was designed to deter and punish exactly the sort of violations present in this case. The record established through the correspondence between Villaire and Licata clearly shows that Kelly and Villaire approached discovery as another tactic to ensure their victory, rather than as a cooperative process in which compromise is mandated. Villaire's violations of Rule 26(g) have no justification, reasonable or otherwise. He failed to inquire with Plaintiffs or his own client as to the burden ninety-eight requests for production embodying tens of thousands of documents would place on Plaintiffs. As such, Plaintiffs respectfully request that this Court enter an order: (i) granting their Motion; (ii) imposing sanctions on Kelly and/or Villaire in the amount of $90,000 representing costs paid by Plaintiffs to N1D and Plaintiffs' attorneys' fees related to production of documents in response to the First RFP; and (iii) awarding the same to Plaintiffs.

Dated:  November 27, 2019      ABBOTT NICHOLSON, P.C.

By:  /s/ William D. Gilbride, Jr.             
      WILLIAM D. GILBRIDE, JR. (P36830)
      CHRISTOPHER R. GURA (P58437)
      ERIN R. COBANE (P81910)
      Attorneys for Plaintiffs/Counter-Defendants
      300 River Place, Suite 3000
      Detroit, MI 48207-4225
      Phone:  (313) 566-2500
      Fax:     (313) 566-2502
      wdgilbride@abbottnicholson.com
      crgura@abbottnicholson.com
      ercobane@abbottnicholson.com

      LICATA LAW GROUP
      **LOUIS J. LICATA (Ohio No. 0007034)**
      Attorneys for Plaintiffs/Counter-Defendants
      4500 Rockside Road, Suite 420
      Independence, OH 44131
      Phone:  (216) 573-6000
      Fax:     (216) 920-9998
      ljl@licatalaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2019, a copy of the foregoing *Plaintiffs/Counter-Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 26(g) and Memorandum in Support* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties indicated on the electronic filing receipt.  Parties and their counsel may access this filing through the Court's system.

Dated:  November 27, 2019   ABBOTT NICHOLSON, P.C.

         By: /s/ William D. Gilbride, Jr.
           WILLIAM D. GILBRIDE, JR. (P36830)
           CHRISTOPHER R. GURA (P58437)
           ERIN R. COBANE (P81910)
           Attorneys for Plaintiffs/Counter-Defendants
           300 River Place, Suite 3000
           Detroit, MI 48207-4225
           Phone:  (313) 566-2500
           Fax: (313) 566-2502
           wdgilbride@abbottnicholson.com
           crgura@abbottnicholson.com
           ercobane@abbottnicholson.com

           LICATA LAW GROUP
           **LOUIS J. LICATA (Ohio No. 0007034)**
           Attorneys for Plaintiffs/Counter-Defendants
           4500 Rockside Road, Suite 420
           Independence, OH 44131
           Phone:  (216) 573-6000
           Fax: (216) 920-9998
           ljl@licatalaw.com

4848-2747-2302, v. 1