# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EFFYIS, INC., and<br>HOTTOLINK, INC., | ) CASE NO. 3:18-cv-13391 |
| | ) |
| | ) HON. ROBERT H. CLELAND |
| Plaintiffs/Counter-Defendants | ) |
| | ) |
| vs. | ) |
| | ) |
| DARREN KELLY, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

---

### DEFENDANT/COUNTER-PLAINTIFF DARREN KELLY'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO PLAINTIFFS/COUNTER-DEFENDANTS

Defendant/Counter-Plaintiff, Darren Kelly ("Kelly" or "Darren Kelly")

propounds the following requests for production of documents to Plaintiffs

Effyis, Inc. and Hottolink, Inc. ("Plaintiffs") to be responded to in writing, under

oath, pursuant to Rules 34 of the Federal Rules of Civil Procedure within 30 days

of service.  In answering these requests, all information is to be divulged that is

within the knowledge, possession or control of you, your attorneys and/or your

agents, or that may be reasonably ascertained by you or them. **Your answers**

**should be so complete and in such detail that nothing that could be added**

**that would be considered material to the information provided and such that**

**nothing that would be considered material has been omitted.**

1

# INSTRUCTIONS

1.     The information sought in these requests is information that is within your knowledge, possession, custody or control, or within the knowledge, possession, custody or control of any of your agents, attorneys, or representatives. You may not respond that you lack knowledge sufficient to answer an interrogatory or request without stating that you have made a reasonable inquiry to obtain the information, describing the efforts made, and that, notwithstanding those efforts, you were unable to obtain the requested information.

2.     Each request below shall operate and be construed independently and, unless otherwise indicated, no request limits the scope of any other request.

3.     These requests should be deemed continuing and you are requested to provide pursuant to Rule of Civil Procedure 26, by way of supplementary answers thereto, such additional information as you or any other person acting on your behalf may hereafter obtain that will augment or otherwise modify your answers given to the requests below. Supplementary answers are to be seasonably served upon the Defendant's counsel pursuant to Rule 26.

4.     If you maintain that any document or record which refers to or relates to anything about which these requests ask has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction and the name of the person who ordered or authorized such destruction.

2

5. Each answer should relate to all times relevant to the Complaint, and when your Answer is different for different times within a relevant period, so state, setting forth your different Answers and period to which each relates.

6. Whenever a document responsive to a particular request is believed to be privileged from production for any reason, it shall be identified by (a) date; (b) author; (c) addressee; (d) subject matter; (e) all persons who received the documents; (f) why the document is claimed to be privileged from production; and (g) if the privilege asserted arises under Rule 26 of the Rules of Civil Procedure, identify the litigation for which the document was prepared. If you claim privilege as a ground for not fully answering any request, describe the factual basis of your claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

## **DEFINITIONS**

7. "Identify," when used in reference to a person, means to state that person's name, address, telephone number, professional position and business affiliation.

8. "Identify," when used in reference to documents, means to give the creator, signator and addressee of the document, if any, the date on which the document was prepared and/or completed, a description of the document's contents, the custodian of the document, and the custodian's address and telephone number.

3

9. "Document" or "documents" refer to any and all items that are in your actual or constructive possession, custody or control, or to which you have access, and means the original and each non-identical copy, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise, and drafts and both sides thereof, of any written, printed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to: resumes, employment applications, papers, books, letters, correspondence, e-mails, telegrams, telex messages, memoranda, communications, handwritten and other notes, accounting records, tax records, tax returns, notations, work papers, transcripts, employment records, payroll records, earnings records, W-2s, 1099s, employee benefit records, summary plan descriptions of employee benefits, employee handbooks, employment contracts, reports and recordings and notes of telephone or other conversations or of interviews or of conferences or other meetings, affidavits, statements, manuscripts, statutes, regulations, ordinances, media articles, legal papers, transcripts, summaries, opinions, reports, desk and other calendars, appointment books, telephone logs, diaries, journals, lists, tabulations, sound recordings, audio recordings, video recordings, computer printouts, data processing input and output, computer data, tapes, disks, or diskettes, microfilms, photographs, motion pictures, tape recordings, charts, accounts,

4

financial statements and reports, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated.

10. "And" as well as "or" shall be construed either disjunctively or conjunctively as is necessary to bring within the scope of the interrogatory or request any and all information and/or responses that might otherwise be construed as outside its scope.

11. "Person" or "persons" means a natural person, a corporation, an unincorporated association, a partnership, or any other form of business, commercial or governmental entity.

12. The term "communication" means a transmittal of information, or request for information, by document, tangible thing or otherwise, and includes any conversation in person, by telephone, or by any other means, as well as any utterance heard by another person whether in person, by telephone or otherwise.

## DOCUMENT REQUESTS

Please produce the following:

## REQUEST NO. 1

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence or reflect any communications by or between and/or among any of Plaintiffs, Plaintiffs' employees, Plaintiffs' Board and Kelly, including, but not limited to, any and all letters, notes, email, or other electronic correspondence.

5

**<u>Response</u>**:


**<u>REQUEST NO. 2</u>**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence or reflect any communications between Plaintiff/Plaintiff's employees and Koki Uchimaya, including, but not limited to, any and all letters, notes, e-mail, or other electronic correspondence, regarding Darren Kelly.

**<u>Response</u>**:


**<u>REQUEST NO. 3</u>**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence or reflect any communications between and/or among any of Plaintiff/Plaintiff's Board Members and Plaintiffs/Plaintiffs' employees including but not limited to, any and all letters, notes, e-mail, or other electronic correspondence, regarding Darren Kelly.


**<u>REQUEST NO. 4</u>**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's employees and any other individual or entity not a party to this lawsuit (except legal counsel for Plaintiff) regarding Darren Kelly's alleged failure to "implement

measures to restore and maintain and grow Effyis' profitability." As referenced on page 1 of Exhibit 1 attached.

**Response**:

**REQUEST NO. 5**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding Darren Kelly's alleged failure to "implement measures to restore and maintain and grow Effyis' profitability." As referenced on page 1 of Exhibit 1 attached.

**Response**:

**REQUEST NO. 6**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, and Koki Uchimaya discussing measures to restore and maintain and grow Effyis' profitability during the period Darren Kelly was employ with Plaintiffs.

**Response**:

**REQUEST NO. 7**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which Plaintiffs believe contain evidence that Darren Kelly failed to "implement measures to restore and maintain and grow Effyis' profitability." As referenced on page 1 of Exhibit 1 attached.

**Response**:

**REQUEST NO. 8**

Any and all DOCUMENTS, including communications, regarding any suggestions by Plaintiff(s) to implement measures to restore, maintain and grow Effyis profitability while Darren Kelly was employed by Plaintiff(s).

**Response**:

**REQUEST NO. 9**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's employees and any other individual or entity not a party to this lawsuit (except legal counsel for Plaintiff) that Darren Kelly "repeatedly provided incorrect information and projections (budgets, revenue projections, sales forecasts, profitability, closing dates, cash flow projections, business opportunities, etc.) that rose to the level of incompetence, thereby preventing the Effyis Board of Directors and the Board of Directors of its sole shareholder

8

Hottolink from making informed and correct decisions," as referenced on page 1 of in Exhibit 1 attached.

**Response**:

**REQUEST NO. 10**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding the allegation that Darren Kelly "repeatedly provided incorrect information and projections (budgets, revenue projections, sales forecasts, profitability, closing dates, cash flow projections, business opportunities, etc.) that rose to the level of incompetence, thereby preventing the Effyis Board of Directors and the Board of Directors of its sole shareholder Hottolink from making informed and correct decisions," as referenced on page 1 of Exhibit 1 attached.

**Response**:

**REQUEST NO. 11**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which Plaintiffs believe contain evidence that Darren Kelly provided incorrect information and projections, budgets, revenue projections, sales forecasts, profitability, closing dates, cash flow projections, business opportunities to the Effyis Board of Directors.

**Response**:


**REQUEST NO. 12**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which Plaintiffs believe contain evidence that Darren Kelly provided incorrect information and projections, budgets, revenue projections, sales forecasts, profitability, closing dates, cash flow projections, business opportunities to the Hottolink Board of Directors.

**Response**:


**REQUEST NO. 13**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which Plaintiffs believe contain evidence that Darren Kelly provided incorrect information and projections, budgets, revenue projections, sales forecasts, profitability, closing dates, cash flow projections, business opportunities to Koki Uchimaya.

**Response**:


**REQUEST NO. 14**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect correct information and projections, budgets, revenue projections, sales

forecasts, profitability, closing dates, cash flow projections, business opportunities, that Defendant provided to Plaintiffs/Plaintiffs' employees.

**Response**:

**REQUEST NO. 15**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect correct information and projections, budgets, revenue projections, sales forecasts, profitability, closing dates, cash flow projections, business opportunities, that Defendant provided to Koki Uchimaya.

**Response**:

**REQUEST NO. 16**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's employees and any other individual or entity not a party to this lawsuit (except legal counsel for Plaintiff) that reference the release of any negative announcement to the Japanese stock market of decreased earnings, which impaired the financial position of Effyis and/or Hottolink which resulted from Darren Kelly allegedly providing incorrect information and projections (budgets, revenue projections, sales forecasts, profitability, closing dates, cash flow projections, business opportunities, etc.) as referenced on page 1 of Exhibit 1 attached.

**Response**:

11

**REQUEST NO. 17**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding the release of any negative announcement to the Japanese stock market which impaired the financial position of Effyis and/or Hottolink resulting from Darren Kelly allegedly providing incorrect information and projections (budgets, revenue projections, sales forecasts, profitability, closing dates, cash flow projections, business opportunities, etc.) as referenced on page 1 of Exhibit 1 attached.

**Response**:

**REQUEST NO. 18**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, reflect or are related to any negative announcement to the Japanese stock market of decreased earnings, which impaired the financial position of Effyis that occurred during Darren Kelly's employment with Plaintiff(s).

**Response**:

**REQUEST NO. 19**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, reflect or are related to any negative announcement to the Japanese stock market of decreased earnings, which impaired the financial position of Hottolink that occurred during Darren Kelly's employment with Plaintiff(s).

**Response**:

**REQUEST NO. 20**

All Effyis agendas, reports, and notes from monthly meetings held in Japan from January 1, 2015 to present.

**Response**:

**REQUEST NO. 21**

All Hottolink agendas, reports, and notes from monthly meetings held in Japan from January 1, 2015 to present.

**Response**:

**REQUEST NO. 22**

All Effyis earnings reports from January 1, 2015 to present.

**Response**:

**REQUEST NO. 23**

All Hottolink earnings reports from January 1, 2015 to present.

**Response**:

**REQUEST NO. 24**

All Effyis budgets and forecasts January 1, 2015 to present.

**Response**:

**REQUEST NO. 25**

All Hottolink budgets and forecasts from January 1, 2015 to present.

**Response**:

**REQUEST NO. 26**

All Effyis profit and loss statements from January 1, 2015 to present.

**Response**:

**REQUEST NO. 27**

All Hottolink profit and loss statements from January 1, 2015 to present.

**Response**:

**REQUEST NO. 28**

All announcements regarding Effyis that have been made to the Japanese stock market from January 1, 2015 to present.

**Response**:

**REQUEST NO. 29**

All announcements regarding Hottolink that have been made to the Japanese stock market from January 1, 2015 to present.

**Response**:

**REQUEST NO. 30**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's employees and any other individual or entity not a party to this lawsuit (except legal counsel for Plaintiff) regarding Darren Kelly's alleged failure to "engage in any meaningful discussion of a salary reduction," as referenced on page 2 of Exhibit 1 attached.

15

**Response**:

**REQUEST NO. 31**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding Darren Kelly's alleged failure to "engage in any meaningful discussion of a salary reduction," as referenced on page 2 of Exhibit 1 attached.

**Response**:

**REQUEST NO. 32**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, reflect or are related to requesting Darren Kelly discuss a reduction of his salary.

**Response:**

**REQUEST NO. 33**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which Plaintiffs' believe supported reducing Darren Kelly's salary.

**Response:**

**REQUEST NO. 34**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, reflect or are related to Darren Kelly's alleged failure to devote sufficient time and attention to his duties fully, diligently, and competently that resulted in Effyis being devalued, as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 35**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's and Darren Kelly that reference or pertain to Darren Kelly and Scott Purdon proposing to purchase Effyis from Hottolink, as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 36**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, reflect or pertain to Darren Kelly and Scott Purdon proposing to purchase Effyis from Hottolink, as referenced on page 2 of Exhibit 1 attached.

**Response:**


**REQUEST NO. 37**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, to Darren Kelly regarding Darren Kelly allegedly skiing , hiking, and travelling instead of devoting the time sufficient time meet the modified budgetary goals,  as referenced on page 2 of Exhibit 1 attached.

**Response:**


**REQUEST NO. 38**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect Darren Kelly allegedly skiing , hiking, and travelling instead of devoting the time sufficient time meet the modified budgetary goals,  as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 39**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, to or from Darren Kelly regarding Darren Kelly' taking vacation.

**Response:**

**REQUEST NO. 40**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect Darren Kelly's use of vacation as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 41**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding the allegation that Darren Kelly failed to devote sufficient time to his duties while he was employed as Effyis' President as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 42**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect that Darren Kelly failed to devote sufficient time to his duties while he was employed as Effyis' President as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 43**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's employees and any other individual or entity not a party to this lawsuit (except legal counsel for Plaintiff) regarding Darren Kelly was allegedly skiing instead of devoting time to meet modified budget goals as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 44**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding Darren Kelly allegedly skiing instead of devoting time to meet modified budget goals as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 45**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect that Darren Kelly was allegedly skiing instead of devoting time to meet modified budget goals as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 46**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's employees and any other individual or entity not a party to this lawsuit (except legal counsel for Plaintiff) regarding Darren Kelly allegedly hiking instead of devoting time to meet modified budget goals as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 47**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any

Hottolink board member, Koki Uchimaya and Darren Kelly regarding Darren Kelly allegedly hiking instead of devoting time to meet modified budget goals as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 48**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect that Darren Kelly was allegedly hiking instead of devoting time to meet modified budget goals as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 49**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's employees and any other individual or entity not a party to this lawsuit (except legal counsel for Plaintiff) regarding Darren Kelly allegedly traveling instead of devoting time to meet modified budget goals as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 50**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding Darren Kelly allegedly travelling instead of devoting time to meet modified budget goals as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 51**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect that Darren Kelly was allegedly travelling instead of devoting time to meet modified budget goals as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 52**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's employees and any other individual or entity not a party to this lawsuit (except legal counsel for Plaintiff) regarding Darren Kelly allegedly demanding additional compensation and incentives for carrying out the duties assigned to him as president and/or

23

threatened Hottolink with less than one hundred percent cooperation with the management and sale of Effyis without these additional incentives, as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 53**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding Darren Kelly allegedly demanding additional compensation and incentives for carrying out the duties assigned to him as president and/or threatened Hottolink with less than one hundred percent cooperation with the management and sale of Effyis without these additional incentives, as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 54**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect that Darren Kelly allegedly demanding additional compensation and incentives for carrying out the duties assigned to him as president and/or threatened Hottolink with less than

one hundred percent cooperation with the management and sale of Effyis without these additional incentives, as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 55**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between Plaintiff/Plaintiff's employees and any other individual or entity not a party to this lawsuit (except legal counsel for Plaintiff) regarding Darren Kelly allegedly failing to fulfill fiduciary obligations to the shareholders of Effyis' and Hottolink, as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 56**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiff's employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding Darren Kelly allegedly failing to fulfill fiduciary obligations to the shareholders of Effyis' and Hottolink, as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 57**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect that regarding Darren Kelly allegedly failed to fulfill fiduciary obligations to the shareholders of Effyis' and Hottolink, as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 58**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect that Plaintiffs,' or anyone on Plaintiffs' behalf, notified  Darren Kelly that he allegedly failed to fulfill fiduciary obligations to the shareholders of Effyis' and Hottolink, as referenced on page 2 of Exhibit 1 attached.

**Response:**

**REQUEST NO. 59**

Any and all DOCUMENTS, including communications and notes of oral conversations, in Plaintiffs' possession, custody, or control regarding Darren Kelly allegedly placing his own self-interests above the interests of shareholders.

**Response**:

**REQUEST NO. 60**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect the value of and/or any valuation of Effyis between January 1, 2105 and the present.

**Response:**

**REQUEST NO. 61**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect facts and circumstances that Plaintiffs contend would separately and collectively support the decision to terminate Darren Kelly for cause that are not identified in Exhibit 1 attached.

**Response:**

**REQUEST NO. 62**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiffs/Plaintiff's employees, any Effyis board member, any Hottolink board member and/or Koki Uchimaya that reference or pertain to any facts and circumstances that Plaintiffs contend would separately and collectively support the decision to terminate Darren Kelly for cause that are not identified in Exhibit 1 attached.

**Response:**

**REQUEST NO. 63**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, from Plaintiffs/Plaintiff's employees, any Effyis board member, any Hottolink board member, and/or Koki Uchimaya to Darren Kelly that reference or pertain to any facts and circumstances that Plaintiffs contend would separately and collectively support the decision to terminated Darren Kelly for cause that are not identified in Exhibit 1 attached.

**Response:**

**REQUEST NO. 64**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which Plaintiffs will rely on to support their contention that on April 12, 2017 Purdon and Kelly entered into a global settlement of all claims, stated in paragraph 19 of Plaintiffs' Complaint.

**Response:**

**REQUEST NO. 65**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence,

between and/or among any of Plaintiffs/Plaintiff's employees, any Effyis board member, any Hottolink board member, and Koki Uchimaya that reference or pertain to Plaintiffs' claim that on April 12, 2017 Purdon and Kelly entered into a global settlement of all claims, as stated in paragraph 19 of Plaintiffs' Complaint.

**Response:**

**REQUEST NO. 66**

Any and all DOCUMENTS, including communications, in Plaintiffs' possession, custody, or control which constitute, evidence, reference any alleged negotiations that were related Plaintiffs claim that on April 12, 2017 Purdon and Kelly entered into a global settlement of all claims, as stated in paragraph 19 of Plaintiffs' Complaint.

**Response:**

**REQUEST NO. 67**

Darren Kelly's complete personnel record and any separate files maintained by any supervisor.

**Response:**

**REQUEST NO. 68**

Any and all notes of oral conversations in Plaintiffs' possession, custody, or control regarding any conversations between Plaintiffs/Plaintiffs' employees and Darren Kelly.

**Response**:

**REQUEST NO. 69**

Any and all DOCUMENTS calculating damages and interest identified in Plaintiffs' Complaint and Plaintiff's Rule 26 (a) Disclosures.

**Response**:

**REQUEST NO. 70**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which reflect or relate to any meetings Plaintiffs, Plaintiffs' employees, or Plaintiffs' agents had with Darren Kelly including any handwritten or typed notes.

**Response**:

**REQUEST NO. 71**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which reflect or relate to any conversations Plaintiffs, Plaintiffs' employees, or Plaintiffs' agents had with Darren Kelly, including any handwritten or typed notes.

**Response**:


**REQUEST NO. 72**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, reflect, or relate to statements by any witnesses to any of the events alleged in the Complaint or Counterclaim.

**Response**:


**REQUEST NO. 73**

Any messages, instant messages or direct messages, from, prepared by, sent, received by, or posted by Koki Uchiyama through any social networking internet sites, including, but not limited to, Facebook, LinkedIn, Twitter, MySpace, Bebo, Blogster, Pinterest, Flikr, Snapchat, Instagram, Kik, Google First, Tumblr, Vk, Vine, Meetup, Tumblr, Tinder, Bumble, Plenty of Fish, Grinder, Words With Friends, and Classmates between January 1, 2015 and the present, referencing:

- Plaintiffs business operations from January 1, 2015 to the present;

- Plaintiffs' earnings from January 1, 2015 to the present;

- Defendant and Defendant's performance as an employee at Plaintiff(s) from January 1, 2015 to the present;

- Any employee employed with Plaintiffs, including to/from any employee from January 1, 2015 to the present;

31

- Any of Plaintiffs' Board Members including to/from any Board Member from January 1, 2015 to the present.

**Response**:

**REQUEST NO. 74**

Any photos, information and communication(s) posted by Plaintiff on social networking websites, including but not limited to, Facebook, LinkedIn, Twitter, MySpace, Bebo, Blogster, Pinterest, Flikr, Snapchat, Instagram, Kik, Google First, Tumblr, Tinder, Bumble, Plenty of Fish, Grinder, Vk, Vine, Meetup, Tumblr and Classmates between January 1, 2008 and the present, referencing:

- Plaintiffs' business operations from January 1, 2015 to the present;
- Plaintiffs' earnings from January 1, 2015 to the present;
- Defendant and Defendant's performance as an employee at Plaintiff(s) from January 1, 2015 to the present;
- Any employee employed with Plaintiffs, including to/from any employee from January 1, 2015 to the present;
- Any of Plaintiffs' Board Members including to/from any Board Member from January 1, 2015 to the present.

**Response**:

**REQUEST NO. 75**

Any and all documents, including but not limited to email, text messages, instant messages or direct messages, referencing:

- Plaintiffs' business operations from January 1, 2015 to the present;

- Plaintiffs' earnings from January 1, 2015 to the present;

- Defendant and Defendant's performance as an employee at Plaintiff(s) from January 1, 2015 to the present;

- Any employee employed with Plaintiffs, including to/from any employee from January 1, 2015 to the present.

- Any of Plaintiffs' Board Members including to/from any Board Member from January 1, 2015 to the present.

**Response**:


**REQUEST NO. 76**

Any and all DOCUMENTS referenced in Plaintiffs' response to Defendant's First Set of Interrogatories.

**Response**:

**REQUEST NO. 77**

Any and all correspondence or communications by Plaintiff or Plaintiffs' attorneys to any witness related to or concerning Darren Kelly, any of the events and allegations described in the Complaint, or any events or allegations described in the Counterclaim.

**Response**:

**REQUEST NO. 78**

Any and all witness statements, notes from interviews with witnesses, and audio/video recordings in the possession of Plaintiff or Plaintiffs' attorneys related to any witness who has or may have knowledge any of the events and allegations described in the Complaint or Counterclaim.

**Response**:

**REQUEST NO. 79**

Any and all audio and video recording Plaintiff(s) have in their possession regarding Defendant.

**Response**:

**REQUEST NO. 80**

Any and all documents including communications sent to or from Scott Purdon, any Effyis Board Member and any Hottolink Board Member, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 81**

Any and all documents including communications sent to or from Koichiro Naruse, former Hottolink Executive and Effyis Board Member, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 82**

Any and all documents including communications sent to or from Keiko Yasuda, former Effyis Board Member, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 83**

 Any and all documents including communications sent to or from Sacchio Semmoto, former Hottolink Board Member, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 84**

 Any and all documents including communications sent to or from Fujiyo Ishiguro, Hottolink Board Member, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 85**

 Any and all documents including communications sent to or from Koki Uchiyama, Chairman of Hottolink Board, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 86**

Any and all documents including communications sent to or from Yuichiro Naruto, Effyis Auditor, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 87**

Any and all documents including communications sent to or from Hitoshi Tanii, Hottolink Board member, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 88**

Any and all documents including communications sent to or from Shigero Takao, former Hottolink CFO, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 89**

Any and all documents including communications sent to or from Masumi Yamada, former Hottolink CFO, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 90**

Any and all documents including communications sent to or from Kazuto Ataka, Hottolink Board Member, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 91**

Any and all documents including communications sent to or from Junichi Aratake, Hottolink Board Attorney, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 92**

Any and all documents including communications sent to or from Usaama Alnaji, Effyis Director of Operations and Board Translator, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:


**REQUEST NO. 93**

Any and all documents including communications sent to or from Takashi Nakao, Effyis CFO, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:


**REQUEST NO. 94**

Any and all documents including communications sent to or from Scott Fair, former Effyis JSOX/Compliance Accounting Supervisor, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 95**

Any and all documents including communications sent to or from Sozo Imamura, Hottolink M&A Consultant, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 96**

Any and all documents including communications sent to or from Hamano Tomonari, Hottolink Executive and Hottolink Board Observer, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 97**

Any and all documents including communications sent to or from Junji Fukushima, Hottolink Board Observer, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

**REQUEST NO. 98**

Any and all documents including communications sent to or from Mr. Kazu, former Hottolink Board Administrator, regarding Darren Kelly and/or the reason(s) cited for terminating Darren Kelly's employment in Exhibit 1 attached.

**Response**:

HOWARD & HOWARD ATTORNEYS PLLC

BY:  */s/Daniel L. Villaire*_____
          Daniel L. Villaire (P60132)
          450 West Fourth Street
          Royal Oak, MI  48067-2557
          (248) 723-0529
          E-mail:  dlv@h2law.com

          *Counsel for Defendant/Counter-Plaintiff*

Dated:  February 5, 2019

## CERTIFICATE OF SERVICE

Debra A. Konieczko states that on February 5, 2019, she did serve a copy of the foregoing document on Counsel for Plaintiffs via electronic transmission and first class mail as follows:

William D. Gilbride, Jr.
Christopher R. Gura
Erin R. Cobane
Abbott Nicholson, P.C.
300 River Place, Suite 3000
Detroit, MI  48207-4225
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com
ercobane@abbottnicholson.com

41

Louis J. Licata
David J. Kovach
4500 Rockside Road, Suite 420
Independence, OH  44131
ljl@licatalaw.com
djk@licatalaw.com

*/s/ Debra A. Konieczko*