# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EFFYIS, INC., a Michigan corporation, and HOTTOLINK, INC., a Japanese corporation, | CASE NO. 18-CV-13391 |
| | HON. Robert H. Cleland |
| Plaintiffs/Counter-Defendants, | |
| v. | **RULE 26(f) PLAN AND STATUS REPORT** |
| DARREN KELLY, an individual, | |
| Defendant/Counter-Plaintiff. | |

---

ABBOTT NICHOLSON, P.C.
**WILLIAM D. GILBRIDE, JR. (P36830)**
**CHRISTOPHER R. GURA (P58437)**
**ERIN R. COBANE (P81910)**
Attorneys for Plaintiffs/Counter-
 Defendants
300 River Place, Suite 3000
Detroit, MI 48207-4225
Phone: (313) 566-2500
Fax:    (313) 566-2502
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com
ercobane@abbottnicholson.com

HOWARD & HOWARD
ATTORNEYS PLLC
**DANIEL L. VILLAIRE (P60132)**
Attorney for Defendant/Counter-
 Plaintiff
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 723-0529
dlv@h2law.com

## RULE 26(f) PLAN AND STATUS REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and in accordance with the Court's Notice of Telephone Scheduling Conference and Order to Appear dated January 18, 2019 (ECF No. 8), the parties, through their counsel, hereby submit the following Rule 26(f)(3) Plan and Status Report.

1. On February 6, 2019, the parties, through their counsel, met and discussed the issued identified under Fed. R. Civ. P. 26(f).

2. The basis for the court's jurisdiction is diversity of citizenship. Jurisdiction is conceded.

3. The case is to be tried to the court on Plaintiffs/Counter-Defendants' declaratory judgment claims; Plaintiffs/Counter-Defendants' breach of fiduciary claim and Defendants/Counter-Plaintiff's breach of employment agreement counterclaim will be tried to a jury.

4. The parties have discussed requesting "consent jurisdiction" (28 U.S.C. § 636(c)), to the assigned Magistrate Judge. The parties have rejected the Magistrate's jurisdiction.

5. The following is a summary of the nature of the claims in this matter: Plaintiffs/Counter-Defendants assert declaratory judgment claims, seeking to confirm the existence of a settlement agreement and, alternatively, that they terminated the employment of Defendant/Counter-Plaintiff "for cause." Defendant/Counter-Plaintiff asserts a counterclaim that Plaintiffs/Counter-

2

Defendants breached the employment agreement between the parties by failing to meet notice requirements in the employment agreement, including failing to provide written notice to Defendant/Counter-Plaintiff regarding the existence of any circumstances providing grounds for termination for cause within 30 days of Plaintiffs/Counter-Defendants knowledge of the initial existence of the alleged grounds, failing to provide Defendant/Counter-Plaintiff with at least 30 days to cure any circumstances providing grounds for termination for cause as required by the employment agreement and by failing to pay amounts and benefits owed to Defendant/Counter-Plaintiff pursuant to the employment agreement when Plaintiffs/Counter-Defendants terminated Defendant/Counter-Plaintiff's employment without cause.

6. Defendant/Counter-Plaintiff denies the existence of a settlement agreement and further denies breaching any fiduciary duty to Plaintiffs/Counter-Defendants.

7. Defendant/Counter-Plaintiff filed his Answer and Counterclaim on January 4, 2019. Plaintiffs/Counter-Defendants filed their Answer to the Counterclaim on January 25, 2019.

8. The parties have begun discovery.

9. The parties read the court's guidelines on discovery, developed the following general discovery plan, and recommend the court to enter an order to this effect:

3

a. Discovery may be needed on the following subjects: existence of a settlement agreement between the parties; Defendant/Counter-Plaintiff's breach of fiduciary duties to Plaintiffs/Counter-Defendants; termination of Defendant/Counter-Plaintiff's employment agreement; Plaintiffs/Counter-Defendants breach of the employment agreement, including Plaintiffs/Counter-Defendants alleged reasons for terminating Defendant/Counter-Plaintiff's employment.

b. Plaintiffs/Counter-Defendants believe that Discovery should be phased as follows: the first phase should focus on the settlement agreement declaratory judgment claim. Should Plaintiffs/Counter-Defendants prevail on that claim, Plaintiffs/Counter-Defendants' other claims and Defendant/Counter-Plaintiff's counterclaim will become moot. Defendant/Counter-Plaintiff disagrees with the phased approach as it will needlessly increase the cost of discovery, resulting in multiple depositions of the same deponent, and needlessly increase the cost of the entire case as it will remain on the Court's docket for a longer period of time. The case is a "standard" case. Discovery should continue through __**July 2019**__.

c. No formal limitation should be placed on the discovery process apart from those set forth in the Federal Rules of Civil Procedure, and the local rules of this court.

  d. Plaintiffs/Counter-Defendants have indicated that it will seek an Protective Order for material considered "confidential." Defendant/Counter-Plaintiff has agreed to consider proposed terms for a Protective Order. The parties have not reached any agreement on a Protective Order. Discovery costs for Plaintiffs/Counter-Defendants, including attorneys fees, on Plaintiffs/Counter-Defendants' declaratory judgment claim for the existence of a settlement agreement, alone, may reach about $15,000. Discovery costs for Plaintiffs/Counter-Defendants for the entire case may reach about $50,000.

**Plaintiffs/Counter-Defendants have been specifically advised of and has approved the estimated discovery costs above.**

  e. Discovery costs for Defendants/Counter-Plaintiff for the entire case may reach about $40,000.

**Defendant/Counter-Plaintiff has been specifically advised of and has approved the estimated discovery costs above.**

10. The parties have discussed the possibility of prompt resolution. Plaintiff's view is that early facilitative mediation would be appropriate if the Court concludes that there is no settlement agreement. Defendant/Counter-Plaintiff t would be interested in early facilitative mediation if it were actually "early," which Defendant/Counter-Plaintiff believes to be before rulings on the merits.

11. Based on what is known at this time, it is estimated that trial may require approximately:

    a. 30 in-court hours for the presentation of Plaintiffs/Counter-Defendants' case (additional time being allotted for the use of a translator).

    b. 24 in-court hours for the presentation of Defendants/Counter-Plaintiff's case.

Dated: February 7, 2019

| ABBOTT NICHOLSON, P.C. | HOWARD AND HOWARD ATTORNEYS, PLC |
|---|---|
| By: /s/ Christopher R. Gura<br>William D. Gilbride, Jr. (P36830)<br>Christopher R. Gura (P58437)<br>Erin R. Cobane (P81910)<br>Attorneys for Plaintiffs/Counter-Defendants<br>300 River Place, Suite 3000<br>Detroit, Michigan 48207-4225<br>(313) 566-2500<br>wdgilbride@abbottnicholson.com<br>crgura@abbottnicholson.com<br>ercobane@abbottnicholson.com | By: /s/ Daniel L. Villaire (w/consent)<br>Daniel L. Villaire (P60132)<br>Attorneys for<br>  Defendant/Counter-Plaintiff<br>450 West Fourth Street<br>Royal Oak, MI 48067-2557<br>(248) 723-0529<br>dlv@h2law.com |

4850-8768-3719, v. 1