# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EFFYIS, INC., a Michigan corporation,
and HOTTOLINK, INC., a Japanese
corporation,

      Plaintiffs/Counter-Defendants,

      v.

DARREN KELLY, an individual,

      Defendant/Counter-Plaintiff.

Case No. 18-CV-13391

Hon. Robert H. Cleland

**<u>PLAINTIFFS/COUNTER-
DEFENDANTS' MOTION TO
STAGE/BIFURCATE
DISCOVERY AND AMEND
SCHEDULING ORDER</u>**

---

ABBOTT NICHOLSON, P.C.
**WILLIAM D. GILBRIDE, JR. (P36830)**
**CHRISTOPHER R. GURA (P58437)**
**ERIN R. COBANE (P81910)**
Attorneys for Plaintiffs/Counter-
  Defendants
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
Phone: (313) 566-2500
Fax:    (313) 566-2502
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com
ercobane@abbottnicholson.com

LICATA LAW GROUP
LOUIS J. LICATA (Ohio No. 0007034)
DAVID J. KOVACH (Ohio No. 0021117)
Attorneys for Plaintiffs/Counter-
  Defendants
4500 Rockside Road, Suite 420
Independence, Ohio 44131
Phone: (216) 573-6000
Fax:    (216) 920-9998
ljl@licatalaw.com
djk@licatalaw.com

HOWARD & HOWARD
ATTORNEYS PLLC
**DANIEL L. VILLAIRE (P60132)**
Attorney for Defendant/Counter-
  Plaintiff
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 723-0529
dlv@h2law.com

---

## PLAINTIFFS/COUNTER-DEFENDANTS' MOTION
## TO STAGE/BIFURCATE DISCOVERY AND
## AMEND SCHEDULING ORDER

NOW COME Plaintiffs/Counter-Defendants, EFFYIS, INC. and HOTTOLINK,

INC. (herein collectively referred to as "Plaintiffs"), by and through their counsel,

ABBOTT NICHOLSON, P.C., and for their Motion To Stage/Bifurcate Discovery,

state as follows:

Plaintiffs move this Court, pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure, to stage and manage the discovery in this case to limit discovery

initially to topics arising out of the Plaintiffs' claim for declaratory judgment (Count

One of Plaintiffs' Complaint).   Under that claim, Plaintiffs ask the Court to

determine that a valid and binding settlement agreement exists between Plaintiffs

and Defendant/Counter-Plaintiff, Darren Kelly ("Kelly"), that compromised, resolved

and settled all claims as between them.   Such a ruling would foreshorten the time

and costs associated with the disposition of this case.

As grounds for this Motion, Plaintiffs assert that the principle of proportionality

compels the staging and bifurcation of discovery in this case because Plaintiffs'

Counts Two and Three and the counterclaims of Kelly all allege disputes arising

out of the same relationship as alleged in Plaintiffs' Count One and all of which

precede the parties' settlement agreement.   Thus, a finding that the parties previously

compromised and settled their claims will end the case without the necessity of far

ranging discovery on all of the underlying facts and documents. For purposes of judicial economy and to avoid the potentially unnecessary costs and fees associated with developing the record on all possible claims, Plaintiffs request an order that would limit the initial discovery to matters surrounding the preparation and development of the parties' settlement agreement and their expressions of acceptance before opening-up discovery to ALL potential claims and causes of action.

Consistent with the principle of proportionality, Plaintiffs propose amending the Scheduling Order to permit a limited period of discovery and submission of dispositive motions regarding their Count One. Specifically, Plaintiffs propose a stage one discovery deadline of April 30, 2019, with a corresponding dispositive motion deadline of May 30, 2019, coupled with following revisions to the existing Scheduling Order:

2.      Amendments: 7/10/2019.

3.      Discovery Deadline: 9/30/2019.

4.      Preliminary and Final Witness Lists: For Stage One, preliminary witness lists are due 2/27/2019. For Stage Two, preliminary witness lists are due 5/27/2019. Final Witness Lists are due 9/17/2019.

5.      Dispositive Motion Deadline: Stage One - 5/30/2019; Stage Two - 10/31/2019.

8.      Motions in Limine: 2/3/2020.

9.     Joint Jury Instructions: 2/3/2020.

10.    Joint Final Pretrial Statement: 2/3/2010.

11.    Final Pretrial/Settlement Conference: 2/10/2010 at 2:00 p.m.

12.    Jury Trial Schedule: 2/24/2020.

14.    Exhibit Lists, Trial Briefs and Electronic Presentation: Plaintiffs –

2/3/2020.

A Brief in Support of this Motion is attached hereto and incorporated by

reference in it.

Pursuant to Local Rule 7.1(a)(2) and Fed. R. Civ. P. 6(b)(1)(A), and, in

accordance with this Court's [Rule 26(f)] Scheduling Order (Jury) at Page 13,

Plaintiffs' counsel provided Kelly's counsel, Mr. Daniel Villaire, with a draft of

this Motion and Brief on February 21, 2019; also, on February 21, Plaintiffs' counsel

telephoned and spoke to Mr. Villaire to inform him of the bases for Plaintiffs'

motion, request that he review it, and invite a discussion to see if the parties could

agree on some form of bifurcated approach to the case.  On February 22, 2019,

Plaintiffs' counsel received in the mail two notices of deposition (Exhibit 6) that

had been served by mail on February 19, 2019, but which had not yet been received

in Plaintiffs' counsel's office when counsel spoke on February 21, 2018.  Thus, the

notices were not a part of the proposed motion that the undersigned had sent to

Mr. Villaire on February 21.  Upon receipt of the notices of deposition, and based

4

on the discussion of counsel on February 21, 2019, on February 25, 2019 Plaintiffs' counsel sent Kelly's counsel an email (Exhibit 7) outlining a specific proposal for a bifurcated discovery schedule addressing both documentary and depositions scheduling, witness lists and related matters that was meant to address some of the concerns raised by Mr. Villaire during the February 21 teleconference.  Counsel did discuss in their call the question of whether party representatives and/or witnesses could be deposed twice, once on the first part of the case and then again later if the Court concluded that a settlement agreement was not consummated. While Plaintiffs' February 25th email does not directly address that subject, Plaintiffs' counsel and Plaintiffs are amenable to having limited deposition discovery from certain witnesses and then reproducing those party representatives or witnesses for further examination on other topics if the case is not resolved on the Plaintiffs' first declaratory judgment claim.

After Plaintiffs' counsel sent the February 25th email proposal, a follow-up call was placed to Mr. Villaire's office for the purpose of further discussing the proposal and to ascertain whether Kelly planned to oppose all or any portion of the relief requested in this Motion.  On February 26, 2019, the undersigned received a response from Mr. Villaire indicating that he did not believe Plaintiffs' proposal "addresses the concerns raised during or (sic) last discussion."  (Exhibit 7.)

Because Plaintiffs' counsel and Kelly were not able to reach an agreement on any form of staged or bifurcated discovery, and given the time constraints associated with the current scheduling order, and because Kelly's counsel did not concur in the relief requested in this Motion, this Motion is being filed.

WHEREFORE, Plaintiffs request that this Court grant their Motion and enter an order to stage/bifurcate discovery by initially limiting discovery to the settlement agreement declaratory judgment claim.

Dated:  March 1, 2019

Respectfully submitted,

ABBOTT NICHOLSON, P.C.

By:  /s/ William D. Gilbride, Jr.
**WILLIAM D. GILBRIDE, JR. (P36830)**
**CHRISTOPHER R. GURA (P58437)**
**ERIN R. COBANE (P81910)**
Attorneys for Plaintiffs
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
Phone:  (313) 566-2500
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com
ercobane@abbottnicholson.com

LICATA LAW GROUP
LOUIS J. LICATA (Ohio No. 0007034)
DAVID J. KOVACH (Ohio No. 0021117)
Attorneys for Plaintiffs
4500 Rockside Road, Suite 420
Independence, Ohio 44131
Phone:  (216) 573-6000
ljl@licatalaw.com
djk@licatalaw.com

4841-2320-0648, v. 1

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EFFYIS, INC., a Michigan corporation,
and HOTTOLINK, INC., a Japanese
corporation,

      Plaintiffs/Counter-Defendants,

      v.

DARREN KELLY, an individual,

      Defendant/Counter-Plaintiff.

Case No. 18-CV-13391

Hon. Robert H. Cleland

**BRIEF IN SUPPORT OF
PLAINTIFFS'/COUNTER-
DEFENDANTS' MOTION TO
STAGE/BIFURCATE
DISCOVERY AND AMEND
SCHEDULING ORDER**

ABBOTT NICHOLSON, P.C.
**WILLIAM D. GILBRIDE, JR. (P36830)
CHRISTOPHER R. GURA (P58437)
ERIN R. COBANE (P81910)**
Attorneys for Plaintiffs/Counter-
  Defendants
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
Phone:  (313) 566-2500
Fax:     (313) 566-2502
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com
ercobane@abbottnicholson.com

LICATA LAW GROUP
LOUIS J. LICATA (Ohio No. 0007034)
DAVID J. KOVACH (Ohio No. 0021117)
Attorneys for Plaintiffs/Counter-
  Defendants
4500 Rockside Road, Suite 420
Independence, Ohio 44131
Phone: (216) 573-6000
Fax:    (216) 920-9998
ljl@licatalaw.com
djk@licatalaw.com

HOWARD & HOWARD
ATTORNEYS PLLC
**DANIEL L. VILLAIRE (P60132)**
Attorney for Defendant/Counter-
  Plaintiff
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone:  (248) 723-0529
dlv@h2law.com

# **TABLE OF CONTENTS**

STATEMENT OF QUESTION PRESENTED ........................................................ ii

CONTROLLING AUTHORITIES.......................................................................... iii

STATEMENT OF FACTS ......................................................................................1

ARGUMENT ...........................................................................................................6

    A.    Bifurcation Of Discovery Advances The Proportionality
        Principle...................................................................................................6

CONCLUSION ......................................................................................................11

i

## STATEMENT OF QUESTIONS PRESENTED

Whether the Court should, pursuant to Fed. R. Civ. P. 26(c) and applying the principle of proportionality, stage/bifurcate the discovery in this case and initially limit such discovery to Plaintiffs' Count One Declaratory Judgment claim of Effyis and Hottolink relating to the existence and enforceability of a settlement agreement between Plaintiffs and Defendant/Counter-Plaintiff, Darren Kelly.

Plaintiffs/Counter-Defendants answer:  Yes.
Defendant/Counter-Plaintiff answers:

## CONTROLLING AUTHORITIES

Fed. R. Civ. P. 26(c)

Fed. R. Civ. P. 26(b)(1)

*Coffey v. Hartford Life & Accident Ins. Co.,*
  318 F.R.D. 320 (W.D. Va. 2017)

*Solo v. UPS,*
  Case No. 14-12719 (E.D. Mich. Jan. 10, 2017)

## I.   STATEMENT OF FACTS

Plaintiffs/Counter-Defendants, Effyis, Inc. ("Effyis") and Hottolink, Inc. ("Hottolink") (herein collectively referred to as "Plaintiffs"), terminated the employment of Defendant/Counter-Plaintiff, Darren Kelly ("Kelly"), and removed him from their management approximately two years ago.  Following the termination and removal, the parties—with the assistance of legal counsel—engaged in extensive settlement negotiations which were first exchanged via email and ultimately reduced to a written settlement agreement.  (Exhibit 2 and 1.)  On April 12, 2017, Scott Purdon, the CEO of Effyis and a director of Hottolink, emailed Kelly the financial terms of the parties negotiated settlement agreement and asked Kelly to confirm his acceptance of those terms by return email.  (Exhibit 2.)  The next day, Kelly emailed a response, the first sentence of which read, "Yes, I confirm."  (Exhibit 2.)

Despite his written, unambiguous confirmation of acceptance of the terms of a settlement (and his demand that a settlement be executed in a timely manner (Exhibit 2)), Kelly subsequently refused to execute the settlement agreement.

In the settlement agreement, which was negotiated by the parties with the assistance of legal counsel, the parties undertook to resolve, "a dispute [that] has arisen as to whether the termination [of Kelly] was with or without cause and whether either Kelly or Effyis breached the terms of the [parties'] Employment Agreement" (Exhibit 1, page 1).   The parties also expressed their desire in entering into the

1

settlement agreement as follows: "WHEREAS, Kelly, Effyis and Hottolink wish to forever resolve all disputes and controversies between and among each other;" (Exhibit 1, page 2). In typical fashion, the settlement agreement proceeded to provide for certain payments to Kelly (Exhibit 1, page 4 of 11), which included the payment of Kelly's attorney fees "incurred in this matter." *Id.* The settlement agreement also included a Release and Covenant Not to Sue [arising out of] "the termination of Kelly's employment relationship with Effyis." (Exhibit 1, Paragraph 3, page 4 of 11.)

From a review of the pleadings on file, the court will find that Plaintiffs' Count One is a claim to declare that the parties have reached a settlement and that it should be enforced. Count Two, filed in the alternative, is a claim to declare that Plaintiffs had the grounds to terminate Kelly for cause. Count Three, also filed in the alternative, is a claim against Kelly that he breached his fiduciary duties to Plaintiffs while working there. The claims asserted by Plaintiffs in Counts Two and Three are the claims that Plaintiffs agreed to release in the email exchange between Plaintiffs' officer, Scott Purdon, and Kelly. (Exhibit 2.)

Kelly has also filed pleadings in this case. In his counter-complaint, Kelly denies he is bound to the settlement agreement (Count One), and asserts claims for declaratory relief that he should not have been fired for cause (Count Two), and that he never breached his fiduciary duties to Plaintiffs while working there (Count Three). The claims asserted by Kelly in his Counts Two and Three are the claims

2

that Plaintiffs and Kelly agreed to release when entering into the settlement agreement. (Exhibits 1 and 2, *supra*.)

After receiving the written embodiment of the essential terms of the proposed settlement and indicating that he "confirmed" his acceptance, a stalemate ensued and the settlement agreement was never signed. Plaintiffs proceeded to pay Kelly the amounts owed to him pursuant to a related loan transaction, completing all those payments in January 2019 (Exhibit 3). Given the passage of time and given a desire to bring closure to the situation, Plaintiffs brought this action primarily to ascertain whether the actions of the parties in 2017 consummated a binding contract that addressed, compromised and settled all disputes between them arising out of Kelly's tenure at Plaintiff companies. Before Plaintiffs initiated this case, Kelly accepted the note payments without protest and took no legal action against Plaintiffs.

The refusal of Kelly to place his signature on the document or to otherwise adopt the agreement to settle the dispute with Plaintiffs forms the basis for the first count of Plaintiffs' Complaint in this action. Plaintiffs' Count One is also the subject matter and sole focus of the limited discovery that Plaintiffs initially served upon Kelly. (Exhibit 4.) That discovery consists of a request for 30 admissions, a set of 13 interrogatories, and 10 document production requests all focused on the facts, documents, testimony and circumstances of the negotiations that culminated in the Exhibit 2 email exchange.

Kelly, on the other hand, has submitted 98 document production requests, only three of which concern the settlement agreement issue.  See attached Exhibit 5.

The three requests propounded by Kelly that relate to the parties' settlement agreement are numbers 64, 65, and 66.

Document production request 64 demands production of "[a]ny and all DOCUMENTS in Plaintiffs' possession, custody, or control which Plaintiffs will rely on to support their contention that on April 12, 2017 Purdon and Kelly entered into a global settlement of all claims, as stated in paragraphs 19 of Plaintiffs' Complaint."

Request 65 demands production of "[a]ny and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiffs/Plaintiff's employees, any Effyis board member, any Hottolink board member, and Koki Uchimaya that reference or pertain to Plaintiffs' claim that on April 12, 2017 Purdon and Kelly entered into a global settlement of all claims, as stated in paragraph 19 of Plaintiffs' Complaint."

Request 66 demands production of "[a]ny and all DOCUMENTS, including communications, in Plaintiffs' possession, custody, or control which constitute, evidence, reference any alleged negotiations that were related Plaintiffs claim that on April 12, 2017, Purdon and Kelly entered into a global settlement of all claims,

4

as stated in paragraph 19 of Plaintiffs' Complaint."  Plaintiffs have no objections to Kelly's requests 64-66 as they go to the very essence of this case.

It is as to the other 95 document requests that Plaintiffs seek relief in the form of an order staging or bifurcating the discovery to test the facts surrounding the Count One of the complaint and Count One of the counter-complaint.

As discussed more fully below, of the remaining 95 requests, at least 84 focus on the issue of cause for the employment termination.  That issue lies at the heart of Plaintiffs' Counts Two and Three and Kelly's Counts Two and Three.  Of Kelly's seven interrogatories, No. 2 requests that Plaintiffs correlate every document to the specific document request, necessitating further work on matters not germane to the parties' settlement; No. 3 seeks potentially unnecessary damage calculations; No. 4 seeks information broadly about all witnesses; and, Nos. 5, 6 and 7 broadly inquire into social media sites being utilized by Plaintiffs' officer, Koki Uchiyama, including pictures and messaging about all manner of the Plaintiff businesses, their earnings, Defendant Kelly and other matters.  Similarly, the notices of deposition served on February 19 and received on February 22 are not issued pursuant to Rule 30(b)(6) and are therefore in no way limited in their scope; indeed, they are expressly issued pursuant to Rule 30 and are for "all purposes as allowed under the Federal Rules" (Exhibit 6); thus, all issues raised by the pleadings would be at issue in these depositions absent some form of limitation from the court.

Plaintiffs are requesting that this Court enter an order providing that the parties' discovery be initially limited to the question of whether they are already bound to the terms of their settlement agreement (Count One in both the complaint and in the counter-complaint) and, therefore, may defer discovery on the underlying issues (Counts Two and Three for Plaintiffs and Kelly) that they settled and resolved by reaching a settlement agreement.

## II.  ARGUMENT

### A.  Bifurcation Of Discovery Advances The Proportionality Principle.

> The 2015 Amendments to the Federal Rules of Civil Procedure emphasize two general principles *** [f]irst, the parties have a heightened duty of cooperation in procedural matters such as discovery. In this regard, Rule 1 was amended 'to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share responsibility to employ the rules in the same way.' Fed.R.Civ.P. 1, Advisory Committee's Note to the 2015 amendments. ***.

*Solo v. UPS*, Case No. 14-12719 (E.D. Mich. Jan. 10, 2017).  Plaintiffs attempted to advance the Rule 1 goals by suggesting to Kelly's counsel the phased-in discovery approach which Plaintiffs now seek.  Kelly rejected the attempt.  *See* ECF No. 12, p. 4, para. 9b.

The second general principle is that of proportionality.  *Id.*  Rule 26(c) empowers the Court, "for good cause, [to] issue an order to protect a party *** from annoyance *** or undue burden or expenses, including one of more of the following: (A) forbidding the disclosure or discovery; *** (D) forbidding inquiry

6

into certain matters, or limiting the scope of disclosure or discovery to certain matters." The scope of discovery includes any relevant, nonprivileged matter that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit." Rule 26(b)(1).

Fed.R.Civ.P 26(c) provides: " A party …from whom discovery is sought may move for a protective order….The court may, for good cause shown, issue an order to protect a party … from annoyance, …, oppression, or undue burden or expense, including [entering an order that]…specif[ies] terms, including [the] time and place …for the disclosure or discovery;  prescribe[es] a discovery method; (and/or) limit[s] the scope of disclosure or discovery to certain matters."

In this matter, the settlement agreement at issue in Count One of the complaint and counter-complaint is dispositive of all other claims brought in this action. After all, if the parties reached a settlement nearly two years ago, whether Plaintiffs terminated Kelly's employment for cause and whether he breached his fiduciary duty to Plaintiffs become mooted questions.  For that reason, the issue of the existence of a settlement agreement is fundamental to resolving this case.

The overwhelming majority (97%) of Kelly's propounded discovery requests, however, are not relevant to whether a settlement agreement exists or whether Kelly accepted it. For example, Kelly asks for communications between Effyis' and Hottolink's employees and anyone not a party to the case; and between the Plaintiff companies and their boards and Japanese legal counsel, Mr. Uchiyama, regarding Kelly's alleged transgressions (*see*, e.g., Requests Nos. 4, 9, 30, 43, 46, 49, 52 and 55; 16, 68, 70, 72; 6, 10, 30, 41, 44, 47, 50, 53, 56, 62 and 63). These broad general requests for information regarding the Counts Two and Three of the pleadings are then duplicated in requests for information/communications with current and former principals and representatives of Plaintiffs (*see* Requests Nos. 81 through 98, inclusive). Kelly also asks for all evidence of and communications regarding the behavior of Kelly that Plaintiffs contend gave rise to grounds for termination of Kelly for cause (Requests Nos. 13, 14, 15, 34, 37, 38, 39, 40, 42, 45, 48, 51, 57, 58 and 59). Kelly further asks for every conceivable form of social media communication or photograph about Kelly's activities (Requests Nos. 73, 74 and 75; Interrogatories 5, 6 and 7). Most of Kelly's requests are unlimited in time frame such that the scope of the effort needed in order to gather, organize and produce the requested documents is monumental. Other topics of Kelly's requests seek information regarding meetings in Japan to discuss earnings report, budgets, forecasts, profit and loss statements and announcements to the Japanese stock

8

the discovery on the remaining possible issues in this case. After all, the resolution

of the settlement issues will not require the disclosure of the earnings reports and

profit and loss statements of each Plaintiff "from January 1, 2015 to present," which

Kelly seeks through document production requests 22-27, or the disclosure of the

totality of notations of all oral conversations that [Plaintiffs] had with any

employee of the two companies during an unspecified period of time, as Kelly

seeks in requests 68 and 71 and in interrogatories 1 and 4.

In *Coffey v. Hartford Life & Accident Ins. Co.*, 318 F.R.D. 320 (W.D. Va. 2017),

the court limited the scope of discovery to the salient issues within a singular claim.

> Mindful that the Federal Rules permit liberal discovery that must also
> be proportional to the needs of the case, I find that the narrow scope
> of the claim and the limited relief available on it require that discovery
> regarding Coffey's breach of fiduciary duty claim must be focused on
> Hartford's fiduciary status, the use of the release in this case, and
> Hartford's reasons for using the release.

*Id.* at 325. This Court should employ a similar approach by entering a protective

order that stages the discovery into two or more phases: first, discovery should be

limited to matters surrounding the legal effect of the parties' actions culminating in

the April 12, 2017 email exchange. Thereafter, if the Court rules that the parties

did not consummate a binding agreement, discovery on the underlying claims can

proceed. Such a bifurcation of effort is consistent with the language and logic of

Rule 26 and the laudable principles expressed in Fed.R.Civ.P. 1, Advisory Committee's

Note to the 2015 amendments.  Relief in the form of a protective order under Rule 26(c) is an appropriate method to manage these issues.

## III.  CONCLUSION

The proportionality principle was designed to address discovery challenges that are present in this case.  Rather than compel the parties to engage in a full-range of discovery, which they agree will cost between $40,000 and $50,000, proportionality commands that discovery be phased-in.  As such, Plaintiffs respectfully request that the Court grant their Motion by entering a protective order that stages/bifurcates discovery in this matter and amend the court's Scheduling Order accordingly.

Dated:  March 1, 2019

Respectfully submitted,

ABBOTT NICHOLSON, P.C.

By:  /s/ William D. Gilbride, Jr.
**WILLIAM D. GILBRIDE, JR. (P36830)**
**CHRISTOPHER R. GURA (P58437)**
**ERIN R. COBANE (P81910)**
Attorneys for Plaintiffs
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
Phone:  (313) 566-2500
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com
ercobane@abbottnicholson.com

LICATA LAW GROUP
LOUIS J. LICATA (Ohio No. 0007034)
DAVID J. KOVACH (Ohio No. 0021117)
Attorneys for Plaintiffs
4500 Rockside Road, Suite 420
Independence, Ohio 44131
Phone:  (216) 573-6000
ljl@licatalaw.com
djk@licatalaw.com

4841-2320-0648, v. 1

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, I electronically filed *Plaintiffs/ Counter-Defendants' Motion To Stage/Bifurcate Discovery And Amend Scheduling Order* and *Brief In Support Of Plaintiffs/Counter-Defendants' Motion To Stage/ Bifurcate Discovery And Amend Scheduling Order* with the Clerk of the Court using the ECF system which will send notification of such filing to the parties/ attorneys of record.

Dated:  March 1, 2019

ABBOTT NICHOLSON, P.C.

By:   /s/ William D. Gilbride, Jr.
**WILLIAM D. GILBRIDE, JR. (P36830)
CHRISTOPHER R. GURA (P58437)
ERIN R. COBANE (P81910)**
Attorneys for Plaintiffs
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
Phone:  (313) 566-2500
Fax:     (313) 566-2502
wdgilbride@abbottnicholson.com
crgura@abbottnicholson.com
ercobane@abbottnicholson.com

LICATA LAW GROUP
LOUIS J. LICATA (Ohio No. 0007034)
DAVID J. KOVACH (Ohio No. 0021117)
Attorneys for Plaintiffs
4500 Rockside Road, Suite 420
Independence, Ohio 44131
Phone:  (216) 573-6000
Fax:     (216) 920-9998
ljl@licatalaw.com
djk@licatalaw.com

4841-2320-0648, v. 1