# Exhibit 5

**Michael Koch**

| | |
|---|---|
| **From:** | Villaire, Daniel L. <dlv@h2law.com> |
| **Sent:** | Tuesday, April 16, 2019 4:33 PM |
| **To:** | Louis J. Licata |
| **Cc:** | Gilbride, William D. (wdgilbride@abbottnicholson.com) |
| **Subject:** | RE: Discovery Issues – Exhibit 1 Requested |
| **Attachments:** | Exhibit 1 to First RFPD to Plaintiffs 2.5.19.pdf |

Attached please find Exhibit 1 to Defendant/Counter-Plaintiff's First Request for Production of Documents.

Please let me know if you have any questions.

Daniel L. Villaire
Attorney and Counselor

450 W. 4th St., Royal Oak, MI 48067
E: dlv@h2law.com
D: 248.723.0529   F: 248.645.1568



NOTICE: Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

ELECTRONIC SIGNATURE: Nothing contained in this communication is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

**From:** Louis J. Licata <ljl@licatalaw.com>
**Sent:** Friday, April 12, 2019 9:32 AM
**To:** Villaire, Daniel L. <dlv@h2law.com>
**Cc:** Gilbride, William D. (wdgilbride@abbottnicholson.com) <wdgilbride@abbottnicholson.com>
**Subject:** RE: Discovery Issues – Exhibit 1 Requested

Hi Dan. Please see my message below. We never received the referenced Exhibit 1 in your discovery requests.

1

# Howard & Howard
## law for business·

| Ann Arbor | Chicago | Detroit | Las Vegas | Los Angeles | Peoria |
|-----------|---------|---------|-----------|-------------|--------|

direct dial: 248.723-0529      Daniel L. Villaire      email:dvillaire@howardandhoward.com

July 16, 2018

Luis J. Licata, Esq.
Licata Law Group
45000 Rockside Road, Suite 420
Independence, OH  44131

Re:     Effyis, Inc. and Hottolink, Inc. v Darren Kelly
        Case No. 18-cv-13391

Dear Mr. Licata:

On April 23, 2019 I sent you an email requesting dates in May 2019 for Mr. Uchiyama's deposition.  You have not responded.  Please provide dates in May 2019 for Mr. Uchiyama's deposition by May 7, 2019.

On April 29, 2019, at the Status Conference, you indicated that you were in possession of documents responsive to Defendant/Counter-Plaintiff's First Request for Production of Documents that had not yet been produced.  You also indicated that Plaintiffs/Counter-Defendants had not produced emails because you were not sure if I wanted all "copies" and "blind copies" of emails.  As discussed with you, you can send all emails to me in their native format, including copies and blind copies.  Please advise if for any reason you will not be sending all documents responsive to Defendant/Counter-Plaintiff's First Request for Production of Documents by May 7, 2019.

Regards,

HOWARD AND HOWARD ATTORNEYS PLLC

Daniel L. Villaire

DLV:dak



| | |
|---|---|
| 4500 Rockside Road | 216.573.6000 |
| Plaza 45, Suite 420 | lawyers@licatalaw.com |
| Independence, OH  44131 | www.licatalaw.com |

## Licata Law Group
李嘉达国际律师事务所

May 6, 2019

Via Email Only: dlv@h2law.com

Daniel l. Villaire
Howard and Howard Attorneys, PLLC
450 West Fourth St.
Royal Oak, MI 48067-2557

RE:  *Effyis, Inc., and Hottolink, Inc. v. Darren Kelley*
United States District Court-ED Michigan-Southern Division
Case No 18-CV-13391
Judge Robert Cleland

Dear Dan:

I am in receipt of your letter dated July 16, 2018 and also incorrectly addressed to Luis. No problem. I know this wasn't mailed last year and the letter was intended for me.

In your letter you, request a date for Koki's deposition. You also request documents referenced during the status conference last week. This letter will address both topics and it will also address outstanding discovery requests propounded to your client as well as objections related to those requests.

DOCUMENT PRODUCTION TO DEFENDANT/COUNTER-PLAINTIFF

First, I have to correct your statement in your letter that the reason my clients "had not produced emails because you [Licata] were not sure if I [Villaire] wanted all 'copies' and 'blind copies' of emails."  What I said was that we recovered more than 10,000 documents (the number is actually closer to 19,000) in our efforts to respond to your 98 requests and some of the requests were very broad, thereby slowing down our review process. I used the reference to emails and copies/blind copies as an example of this. It would certainly expedite our review of the documents if the requests were more clear on points like these. Your effort to clarify this point will certainly help us expedite the review process.

I want to also point out that contrary to your assertion at the status conference, there is no time frame listed in your requests. You stated that the time frame was from when your client worked for my clients until he was terminated. I cannot find this defined period anywhere in the instructions or the requests. If you are telling me now that you are willing to limit your

3



**Licata Law Group**
李嘉达国际律师事务所

4500 Rockside Road

Plaza 45, Suite 420

Independence, OH  44131

216.573.6000

lawyers@licatalaw.com

www.licatalaw.com

June 10, 2019

Via Email Only: dlv@h2law.com

Daniel I. Villaire
Howard and Howard Attorneys, PLLC
450 West Fourth St.
Royal Oak, MI 48067-2557

RE:  *Effyis, Inc., and Hottolink, Inc. v. Darren Kelley*
United States District Court-ED Michigan-Southern Division
Case No 18-CV-13391
Judge Robert Cleland

Dear Dan:

This letter will confirm our telephone conversation today during which we discussed the open discovery issues raised in my May 6 letter to you. Frankly, I was disappointed that after a month you were not willing to arrive at any agreements with me to resolve these disputes. During our call, you specifically told me that you would not enter into any agreement with me but that I should send you this letter and you would respond to whether my proposed resolutions were acceptable to you.

I do not see this approach as a good faith effort to resolve these discovery matters. My May 6 letter provided you with the proposed resolutions to these disputes. Over the past month you could have easily replied to my letter but you ignored both my letter and my May 20 follow up email requesting a response.

Despite your unwillingness to resolve any of the open issues on the phone, I am sending this letter as you requested outlining a summary of our discussion in the hopes that you and your client will produce the discovery that my clients are entitled to receive. If we do not receive the requested discovery by next Wednesday June 19, or at least assurances of a date soon thereafter when we will receive the requested discovery, then we will have no choice but to file a motion to compel with the court.

Page **2** of **3**

**OPEN ISSUES REGARDING DICOVERY PROPOUNDED TO DEFENDANT/COUNTER-PLAINTIFF**

***Request for Documents***

**Numbers 9 and 10**

The first topic we discussed was request for production of documents numbers 9 and 10. In March you stated your client was gathering those documents and you would produce them. We requested immediate production of those documents on May 6.

Today you indicated that you did not have the documents for number 9 in your possession but that you would gather them by the end of this week and then review them. You indicated I could expect a response next week. As for number 10, you indicated that you did not believe that there were any documents responsive to this request, but if there were responsive documents, you would produce them next week.

I really don't understand the delay in producing these documents or telling us if there are no documents responsive to the request. Request number 9 was very limited. It basically asked for copies of communications between your client and Scott Purdon during the month of April 2017. Request number 10 was also very specific. It basically asked for the documents supporting your client's denial of the admissions propounded.

It has been almost 3 months since you stated your client would produce these documents. Unless these documents number in the thousands, there is no reason to further delay the production of these documents.

**Numbers 1, 2 and 3**

Next, we discussed your objection to document requests 1, 2 and 3. Although you would not commit to any agreement with me to resolve your objections, my understanding is that the sole basis for the objections is the time frame. You did not articulate any other objection during our call. As a result, I agreed on the phone, as I agreed on May 8, to limit the requests to your client's employment period of 2015-2017. Since this is the same time frame within which you have requested documents from my clients, I trust that you will produce these documents next week.

**Numbers 4, 5, 6 and 8**

Since request numbers 4, 5, 6 and 8 relate to the issues in our clients' proposed motion for summary judgment, we expect that if these documents exist, you will produce them in response to the motion. Therefore, we will not waste further time of fees on pursuing these documents from your client.

Page **3** of **3**

*Interrogatories*

**Numbers 5, 7 and 8**
On the interrogatory answers, you objected to numbers 5, 7 and 8 based on the attorney client privilege. We withdrew 7a but requested answers to 7b and to 5 and 8. During our call, I explained why these requests did not implicate the attorney-client privilege. In response, you stated that you have not done the research on the points I raised during my explanation and therefore, you did not know the law on those points. You indicated that if necessary, you would research the law.

Your statement to me raises a question as to how you can assert an objection if you do not know the law related to the objection. But rather than debate this topic any further, we will withdraw interrogatory numbers 5, 7 and 8.

**CONCLUSION**

I await your production of the documents requested in numbers 1, 2, 3, 9 and 10..

Sincerely,

*Louis J. Licata*

Louis J. Licata, Esq.
ljl@licatalaw.com

# Howard & Howard
### law for business·

| Ann Arbor | Chicago | Detroit | Las Vegas | Los Angeles | Peoria |
|-----------|---------|---------|-----------|-------------|--------|

direct dial: 248.723.0529        Daniel L. Villaire        email:dvillaire@howardandhoward.com

July 22, 2019

ljl@licatalaw.com

**Louis J. Licata, Esq.**
Licata Law Group
4500 Rockside Road
Plaza 45, suite 420
Independence, OH 44131

       Re:    *Effis, Inc. and Hottolink, Inc. v Darren Kelley*

Mr. Licata,

       Plaintiffs/Counter-Defendants have not objected to or submitted any written responses to Defendant/Counter-Plaintiff's First Request for Production of Documents to Plaintiffs/Counter-Defendants.

       Plaintiffs/Counter-Defendants submitted documents purportedly responsive to Defendant/Counter-Plaintiff's First Request for Production of Documents Numbers:

- 20-22   (received 5/15/19 and supplemented no. 21 on 6/20/19)

- 24       (received 5/15/19)

- 26       (received 5/15/19)

- 28       (received 5/15/19)

- 64-67   (received 4/23/19)

- 73-75   (received 3/22/19)

- 80-82   (received 6/26/19)

- 84-87   (received 6/26/19)

- 89-98   (received 6/26/19)

**Louis J. Licata, Esq.**
Licata Law Group
July 22, 2019
Page **2** of **2**

To the extent the documents Plaintiffs/Counter-Defendants provided in response to the above requests are incomplete, please supplement and provide all documents responsive to those requests by July 23, 2019.

Plaintiffs/Counter-Defendants have not provided any documents responsive to Defendant/Counter-Plaintiff's First Request for Production of Documents Numbers 1-19, 23, 25, 27, 29-63, 68-72, 76-79, 83, and 88.

This correspondence is intended to confirm that Plaintiffs/Counter-Defendants have no documents responsive to Defendant/Counter-Plaintiff's First Request for Production of Documents Numbers 1-19, 23, 25, 27, 29-63, 68-72, 76-79, 83, and 88. If that is not the case, and documents do exist, please state so in writing and provide the documents by July 23, 2019.

I am also requesting Plaintiffs/Counter-Defendants supplement their answers to Defendant/Counter-Plaintiffs First Interrogatories to Plaintiffs/Counter-Defendants or concur with Defendant/Counter-Plaintiff's Motion to Compel answers to Defendant/Counter-Plaintiff's First Interrogatories. Please advise if your client concurs, or provide the answers, by July 23, 2019. It appears that, at a minimum, Plaintiffs/Counter-Defendants' answers with respect to Interrogatories 1, 2, 3, and 4 are incomplete and/or need to be updated.

Very truly yours,

HOWARD AND HOWARD ATTORNEYS, PLLC

Daniel L. Villaire

/DLV

**Howard & Howard**
law for business·

8

# Howard & Howard
### law for business·

| Ann Arbor | Chicago | Detroit | Las Vegas | Los Angeles | Peoria |

direct dial: 248.723.0529                    Daniel L. Villaire                    email:dvillaire@howardandhoward.com

July 25, 2019

ljl@licatalaw.com

**Louis J. Licata, Esq.**
Licata Law Group
4500 Rockside Road
Plaza 45, suite 420
Independence, OH  44131

Re:    *Effis, Inc. and Hottolink, Inc. v Darren Kelley*

Mr. Licata,

I have reviewed your letter dated July 23, 2019. Based on my review of the documents received from Plaintiffs/Counter-Defendants and your letter, Plaintiffs/Counter-Defendants have not provided any documents responsive to Defendant/Counter-Plaintiff's First Request for Production of Documents Numbers 4-19, 23, 25, 27, 29-63, 68-72, 76-79, 83, and 88. Accordingly, this correspondence will confirm that Plaintiffs/Counter-Defendants have no documents responsive to Defendant/Counter-Plaintiff's First Request for Production of Documents to Request Numbers 4-19, 23, 25, 27, 29-63, 68-72, 76-79, 83, and 88. If that is not the case, and documents do exist, please state so in writing and provide the documents by July 26, 2019.

I have also reviewed your proposal with respect to the production of documents by Friday July 26, 2019. Plaintiffs/Counter-Defendants have had over 5 months to provide documents responsive to Defendant/Counter-Plaintiff's First Request for Production of Documents. Defendant/Counter-Plaintiff expects that your client will provide all of the documents requested. He does not agree to less than what was requested or any format other than as requested and required by the Federal Rules of Civil Procedure. That said, I would encourage your clients to produce the responsive documents referenced in your letter as soon as possible.

Very truly yours,

HOWARD AND HOWARD ATTORNEYS, PLLC

Daniel L. Villaire

/DLV



## Licata Law Group
### 李嘉达国际律师事务所

4500 Rockside Road

Plaza 45, Suite 420

Independence, OH  44131

216.573.6000

lawyers@licatalaw.com

www.licatalaw.com

July 23, 2019

Via Email Only: dlv@h2law.com

Daniel l. Villaire
Howard and Howard Attorneys, PLLC
450 West Fourth St.
Royal Oak, MI 48067-2557

RE: *Effyis, Inc., and Hottolink, Inc. v. Darren Kelley*
United States District Court-ED Michigan-Southern Division
Case No 18-CV-13391
Judge Robert Cleland

Dear Dan:

I am in receipt of your July 22, 2019 correspondence regarding your client's First Request for Production of Documents and First Interrogatories. In your correspondence, you request that we supplement prior production and also provide other documents not yet produced by today. You also request supplemental answers to interrogatories by today.  Your further state that if we cannot supplement answers to the interrogatories by today that you plan to file a Motion to Compel.

**MOTION TO COMPEL**

First and most importantly, we do not concur with your proposed Motion to Compel. A Motion to Compel would be inappropriate and contrary to the rules requiring counsel to try and resolve discovery issues. To that end, this is the first notice we have received from you regarding this topic since the responses to interrogatories were provided on March 22. On June 10, we had a phone conversation regarding open discovery issues and you never raised any issues regarding the interrogatories. Yesterday was the first communication from you regarding any problems with interrogatory responses.

Page **2** of **3**

**INTERROGATORIES**

As for the interrogatory responses, you suggest that "at a minimum … answers with respect to Interrogatories 1, 2, 3 and 4 are incomplete and/or need to be updated." We agree that interrogatories 1 and 3 require supplemental responses. Interrogatory number 2 does not require a supplemental response because we have complied with this request through the document production phases of discovery. To that end, we have provided a clarifying response to interrogatory number 2 on the formal response document. The response to interrogatory number 4 remains the same.

As for number 1, I apologize for the oversight on securing contact information regarding the witnesses. To be honest with you, we have been spending most of our time trying to respond to your ninety-eight (98) document requests and updating interrogatory number 1 simply fell thru the cracks. I have contacted my client and requested that they expedite collecting this information. Some, but very limited, contact information has been provided in the form of emails or telephone numbers. This information has been added to the spreadsheet we provided in March. The spreadsheet is included with this correspondence. We will provide the remaining information as soon as possible.

As for number 3, we have provided additional information concerning the damages. This information is also included on the attached spreadsheet.

There are no other interrogatories that require supplemental answers at this time.

**REQUEST FOR DOCUMENTS**

As for the production of other documents, most of the documents responsive to your ninety-eight (98) requests have been provided in response to twenty-nine (29) different document requests as detailed in your letter. There were slightly more than 10,000 documents provided from a pool of more than 20,000 documents. Many of the documents provided are also responsive to the other requests. The problem is that there are just too many documents for us to quickly respond to each and every request, especially with the overbroad and sometimes confusing wording of your requests.

For the record, documents produced in response to requests numbers 64-66 and 80-98 are also responsive to requests numbers   1, 2 and 3. This includes documents produced in response to request number 85, which are also responsive to request number 2.

As for the other requests, they mostly focus on the basis for my clients' decision to terminate your client. We have been working diligently for many days, weeks and months to review all 20,000+ documents in order to respond to each of these remaining requests. In order to expedite matters and provide you with the documents responsive to these requests before the end of the week, I am proposing that we provide the documents in two folders: one labeled

Page **3** of **3**

"For Cause" and one labeled "Breach of Duty." We will provide these folders with as many responsive documents as possible before the end of Friday. We will also tell you by number which document requests have documents in these two folders and which requests have no documents.

At this stage of our review, I do not believe there will be a large number of documents produced on Friday. If I had to guess, I would say it will probably be less than 300 documents that are responsive to the requests related to "For Cause" and "Breach of Duty."

This is the best solution I can offer at this time to get you the documents you have requested by the end of this week. I am open to discussing other suggestions if those suggestions are productive in accomplishing the goal of completing our document review and producing documents responsive to your requests.

Sincerely,

*Louis J. Licata*

Louis J. Licata, Esq.
ljl@licatalaw.com

LJL
cc: William D. Gilbride, Jr. (via email only)

12