UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EFFYIS, INC. *et al*, | Civil Action No.: 18-13391 |
| Plaintiffs/Counter-Defendants, | Honorable Robert H. Cleland<br>Magistrate Judge Elizabeth A. Stafford |
| v. | |
| DARREN KELLY, | |
| Defendant/Counter-Plaintiff. | |

_____/

# REPORT AND RECOMMENDATION TO DENY PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 26(g) [ECF NO. 41]

## I.  Introduction

Plaintiffs Effyis, Inc. and Hottolink, Inc. sued their former employee, Defendant Darren Kelly, seeking declaratory judgment on issues relating to Kelly's termination and later settlement agreement.  In October 2019, the Honorable Robert H. Cleland entered judgment in favor of plaintiffs.  [ECF No. 37; ECF No. 38].  The following month, plaintiffs moved for sanctions against Kelly under Federal Rule of Civil Procedure 26(g).  [ECF No. 41]. They request $90,000 in costs and attorneys' fees related to their efforts to respond to Kelly's requests for production of documents.  [*Id.,* PageID.752].  Judge Cleland referred the motion to the undersigned for hearing and

determination under 28 U.S.C. § 636(b)(1)(A), [ECF No. 46], but because plaintiffs filed their motion post-judgment, this Court must prepare a report and recommendation under § 636(b)(3). *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455 (6th Cir. 2012).

In their motion, plaintiffs state that Kelly served them with 98 requests for production of documents in February 2019 and that they advised Kelly that the estimated discovery costs for the case could be up to $50,000. [ECF No. 41, PageID.738-739; ECF No. 41-3, PageID.804]. Plaintiffs complain that Kelly make little-to-no effort to narrow the requests before discovery closed in July 2019. [ECF No. 41, PageID.740-741]. Objecting to plaintiffs' motion, Kelly argues that plaintiffs waived any claim for sanctions by never responding or objecting in writing to the requests for production of documents, and never moving for a protective order. [PageID.45, PageID.1123-1124]. The Court agrees with Kelly and recommends that plaintiffs' motion for sanctions be denied.

**II.    Analysis**

**A.**

Under the "American Rule," courts award no attorney's fees to prevailing parties except as allowed under by explicit statutory authority or narrowly defined circumstances within the court's inherent authority.

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991); *McQueary v. Conway*, 614 F.3d 591, 597 (6th Cir. 2010). Rule 26(g) is one of the Rules of Civil Procedure that allows a court "to depart from the traditional rule of each party paying its own litigation costs, expenses and attorney's fees." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1554 (10th Cir. 1996).

In relevant part, Rule 26(g) requires attorneys of record to sign discovery requests, responses or objections, thus certifying that the signing attorneys have engaged in a reasonable inquiry to ensure that the discovery papers are:

> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Rule 26(g)(1)(B).

Rule 26(g) is meant to deter discovery abuses. *See* Rule 26(g) advisory committee's note (1983). Federal Rule of Civil Procedure 11 is a parallel rule; it requires attorneys' signatures on pleadings, motions and other papers, but is inapplicable to discovery papers. *See id.* ("Rule 26(g), which parallels the amendments to Rule 11, requires an attorney or

3

unrepresented party to sign each discovery request, response, or objection.*);* Rule 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."). Specifically, Rule 11 and Rule 26(g) both require examination of the objective reasonableness of an attorney's inquiry and require a court to impose an "appropriate sanction" for violations. *See Chambers,* 501 U.S. at 51; *Olga's Kitchen of Hayward v. Papo*, 108 F.R.D. 695, 703 (E.D. Mich. Dec. 18, 1985); *Brown v. Tellermate Holdings Ltd.*, No. 2:11-CV-1122, 2014 WL 2987051, at *17 (S.D. Ohio July 1, 2014).

**B.**

In their motion, plaintiffs cite no precedent in which Rule 26(g) sanctions have been imposed post-judgment because of a litigant's overbroad or unduly burdensome discovery requests. Plaintiffs rely on *Jones v. Illinois Cent. R. Co.*, where the court sanctioned an attorney who had in bad faith attempted to hide discovery by asserting an implausible privilege. 617 F.3d 843, 854-855 (6th Cir. 2010). In *Brown,* a magistrate judge sanctioned an attorney for stating falsely that the defendant had no more documents to produce. 2014 WL 2987051 at *17. The plaintiff's counsel in *U.S. ex rel. Scott v. Metro. Health Corp.* was likewise sanctioned for failing to disclose evidence in bad faith. No. 1:02-CV-485, 2005 WL

4

2405961, at *6 (W.D. Mich. Sept. 29, 2005). The violation of Rule 26(g) in *Washington v. City of Detroit,* another opinion cited by plaintiffs, was that defense counsel failed to sign answers to discovery and failed to ensure that the responses complied with the Rules of Civil Procedure. No. CIV A 05CV-72433-DT, 2007 WL 313517, at *2 (E.D. Mich. Jan. 30, 2007). Plaintiffs' reliance on *Laukus v. Rio Brands, Inc.*, is also misplaced. 292 F.R.D. 485, 515 (N.D. Ohio 2013). In that case, the plaintiff's counsel was sanctioned under Rule 26(g) for failing to make a reasonable effort to discover and produce evidence that was responsive to discovery requests. *Id.*

Even though none of the opinions plaintiffs rely on involve a party requesting sanctions post-judgment because the opposing party requested too much in discovery, there is some precedent for sanctioning an attorney under Rule 26(g) because of unreasonable and unduly burdensome discovery requests. *See Martin v. LaBelle*, 7 F. App'x 492, 496 (6th Cir. 2001) (Rule 26(g) sanctions warranted because "[r]equiring defendants to respond to requests to admit to which defendants previously responded and objected was unreasonable, unnecessary, and unduly burdensome."). The Court would therefore entertain plaintiffs' request for sanctions if the

5

record showed that they tried to mitigate their costs and attorneys' fees during the period of discovery.

The conclusion that plaintiffs had a duty to mitigate their costs and attorneys' fees is drawn from precedent about Rule 11. As noted, Rule 26(g) mirrors Rule 11 in requiring an appropriate sanction for an attorney's failure to conduct a reasonable inquiry. *Chambers,* 501 U.S. at 51; *Olga's Kitchen of Hayward,* 108 F.R.D. at 703; *Brown,* 2014 WL 2987051 at *17. Courts, including the Sixth Circuit, have found that a party seeking sanctions under Rule 11 has a duty to mitigate it damages. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989) ("A party who seeks attorney's fees as a Rule 11 sanction must mitigate damages by acting promptly and avoiding any unnecessary expenses in responding to papers that violate the rule."); *Gilreath v. Clemens & Co.*, 212 F. App'x 451, 466 (6th Cir. 2007) ("Reasonableness of fees will depend, in part, on whether the party seeking sanctions acted promptly to mitigate damages."). The duty to mitigate applies equally to requests for sanctions under Rule 26(g). *Bergeson v. Dilworth*, 749 F. Supp. 1555, 1567 (D. Kan. 1990). Plaintiffs therefore must show that they acted promptly to avoid unnecessary expenses in order to justify their

6

request that the Court impose Rule 26(g) sanctions against Kelly. They do not make this showing.

## C.

The discovery rules provided plaintiffs with tools to mitigate the costs associated with responding to Kelly's requests for production of documents. First, plaintiffs could have objected to requests that were irrelevant, overbroad, unduly burdensome or otherwise disproportional to the needs of the case. Rule 26(b)(1). Plaintiffs had 30 days after being served with the requests for production of documents to serve Kelly with signed responses and objections. Fed. R. Civ. P. 34(b)(2). Second, plaintiffs could have filed a motion for protective order under Rule 26(c)(1), showing that Kelly's requests for production of documents caused then an undue burden. Although Rule 26(c)(1) does not include an explicit deadline, most courts require motions for protective orders to be filed before discovery responses are due. *SMA Portfolio Owner, LLC v. Corporex Realty & Inv.*, LLC, No. CV 11-168-DLB-JGW, 2014 WL 12650589, at *2 (E.D. Ky. Apr. 18, 2014); *William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 WL 2534207, at *4 (E.D. Mich. June 18, 2010).

In his response, Kelly said that plaintiffs never provided him with written responses or objections to his requests for production of

7

documents. [PageID.45, PageID.1123-1124; *see also* ECF No. 41-6, PageID.852 (July 2019 letter stating that plaintiffs "have not objected to or submitted any written responses to [Kelly's] First Request for Production of Documents.")]. Plaintiffs do not argue otherwise in their reply brief. [ECF No. 48]. By remaining silent, plaintiffs altogether failed to mitigate the costs and attorneys' fees from Kelly's allegedly overbroad and burdensome requests for production of documents.

The Court also agrees with Kelly that plaintiffs waived any objection to the document requests. The general rule is that a party waives any objection by failing to object or move for a protective order within 30 days of being served with the requests. *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018); *SMA Portfolio Owner,* 2014 WL 12650589 at *2; *William Beaumont Hosp.,* 2010 WL 2534207 at *4. Here, plaintiffs provided no written responses to Kelly's document requests nor moved for a protective order during the entire time the case was pending. The Court cannot endorse their post-judgment objections.

### D.

This report and recommendation does not condone Kelly's document requests. [ECF No. 41-2]. As noted, under Rule 26(g), Kelly's attorney had a duty under Rule 26(g) to make a "reasonable inquiry" to ensure that

8

his document requests were not unduly burdensome or expensive. In addition, Federal Rule of Civil Procedure 34(b)(1)(A) states that a document request "must describe with reasonable particularity each item or category of items to be inspected." The Court also emphasizes that the parties share the responsibility of securing the just, speedy and inexpensive determination of every action, and that the 2015 amendment to Federal Rule of Civil Procedure 1 was intended to discourage "over-use, misuse, and abuse of procedural tools that increase cost and result in delay." Fed. R. Civ. P. 1, advisory committee notes (2015). Kelly's 41-page requests for production of documents ran afoul of Rule 26(g), Rule 34(b)(1)(A) and the aims of the 2015 amendment.

For example, Kelly's requests began with lengthy instructions and definitions, including this expansive definition of the term "document":

> 'Document' or 'documents' refer to any and all items that are in your actual or constructive possession, custody or control, or to which you have access, and means the original and each non-identical copy, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise, and drafts and both sides thereof, of any written, printed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to: resumes, employment applications, papers, books, letters, correspondence, e-mails, telegrams, telex messages, memoranda, communications, handwritten and other notes, accounting records, tax records, tax returns, notations, work papers, transcripts, employment records, payroll records, earnings records, W-2s, l099s, employee benefit records, summary plan descriptions of employee

9

> benefits, employee handbooks, employment contracts, reports and recordings and notes of telephone or other conversations or of interviews or of conferences or other meetings, affidavits, statements, manuscripts, statutes, regulations, ordinances, media articles, legal papers, transcripts, summaries, opinions, reports, desk and other calendars, appointment books, telephone logs, diaries, journals, lists, tabulations, sound recordings, audio recordings, video recordings, computer printouts, data processing input and output, computer data, tapes, disks, or diskettes, microfilms, photographs, motion pictures, tape recordings, charts, accounts, financial statements and reports, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated.

[*Id.*, PageID.760-761].

The instructions and definitions were followed by 98 "any and all" requests, including for example:

> **REQUEST NO. 1**
>
> Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence or reflect any communications by or between and/or among any Plaintiffs, Plaintiffs' employees, Plaintiffs' Board and Kelly, including, but not limited to, any and all letters, notes, email, or other electronic correspondence.
>
> **REQUEST NO. 31**
>
> Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which constitute, evidence, or reflect any communications, letters, notes, email, or other electronic correspondence, between and/or among any of Plaintiff/Plaintiffs employees, any Effyis board member, any Hottolink board member, Koki Uchimaya and Darren Kelly regarding Darren Kelly's alleged failure to 'engage in any meaningful discussion of a salary reduction,' as referenced on page 2 of Exhibit 1 attached.

10

### **REQUEST NO. 70**

Any and all DOCUMENTS in Plaintiffs' possession, custody, or control which reflect or relate to any meetings Plaintiffs, Plaintiffs' employees, or Plaintiffs' agents had with Darren Kelly including any handwritten or typed notes.

[ECF No. 41-2].

Kelly's requests were "unlimited in subject matter and in time, and therefore would sweep in numerous documents that bear no relevance to the claims or defenses raised in this matter." *Mirmina v. Genpact LLC*, No. 3:16CV00614(AWT), 2017 WL 2559733, at *3 (D. Conn. June 13, 2017). A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive." *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018). And courts have long condemned omnibus "any and all" document requests. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-388 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011) ("Generally, a discovery request is considered overly broad or unduly burdensome on its face if it "(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information.") (citation and quotation

11

marks omitted); *Mirmina v. Genpact LLC*, No. 3:16CV00614(AWT), 2017 WL 2559733, at *3 (D. Conn. June 13, 2017) ("any and all" document requests relating to a subject matter are overbroad and unduly burdensome).

Plaintiffs therefore had every right to object to Kelly's document requests and to move for a protective order. But instead of formally objecting to the document requests or moving for a protective order, plaintiffs' counsel produced thousands of responsive documents. [*See* ECF No. 41-6, PageID.848, 852-854, 856-857; ECF No. 45-2, PageID.1136-1137]. And although Plaintiffs' counsel complained in correspondence about the breadth of Kelly's documents requests, he did not complain about the cost or burden of responding. Instead, plaintiffs' counsel emphasized that the breadth of the requests slowed the speed of plaintiffs' production.

Plaintiffs' counsel wrote in May 2019 that "some of the requests were very broad, thereby slowing down our review process." [ECF No. 45-2, PageID.1136]. In the same letter, plaintiffs' counsel inferred that Kelly's attorney had agreed to limit the time period for the requests, which plaintiffs' counsel said would "expedite the review process." [*Id.*, PageID.1136-1137]. In July 2015, plaintiffs' counsel explained that their

12

production of documents in response to Kelly's requests was slowed because of the "overbroad and sometimes confusing working of your requests," and proposed to produce the documents in two folders "[i]n order to expedite matters." [ECF No. 41-6, PageID.856]. In sum, in their correspondence, plaintiffs' counsel did not *object* to producing the documents because of the breadth, burden or costs of the requests; he merely noted that the breadth of the request would slow the speed of their production and said nothing about the burden or costs.

Thus, while courts are required to impose appropriate sanctions for violations of Rule 26(g), sanctioning Kelly would not be appropriate here. Plaintiffs failed to mitigate their costs by moving for a protective order or objecting to the discovery requests, formally or informally. The Court also finds that plaintiffs waived their objections to Kelly's documents requests by not timely objecting to the requests or moving for a protective order. The Court cannot ratify plaintiffs' strategy of sitting on their rights to seek court protection from unreasonably costly discovery, and then attempt post-judgment to recoup from Kelly $90,000 in attorneys' fees and costs.

13

### III. Conclusion

The Court **RECOMMENDS** that plaintiffs' motion for sanctions against Kelly under Rule 26(g) [ECF No. 41] be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 20, 2020

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 20, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
