UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EFFYIS, INC. and
HOTTOLINK, INC.,

      Plaintiffs/Counter-Defendants,

v.                                                       Case No. 18-13391

DARREN KELLY,

      Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, SUSTAINING IN PART PLAINTIFFS' OBJECTIONS, OVERRULING DEFENDANT'S OBJECTION, AND GRANTING PLAINTIFFS' MOTION FOR SANCTIONS**

Before the court are objections filed by both parties in response to a report and recommendation ("R&R") issued by Magistrate Judge Elizabeth Stafford in which the Magistrate Judge recommends denying Plaintiffs' post-judgment motion for sanctions. Plaintiffs filed their motion for sanctions in response to Defense counsel's purportedly overburdensome discovery requests. The R&R suggests that Defense counsel's discovery requests violated Federal Rule of Civil Procedure 26 but recommends that Plaintiffs' motion for sanctions nevertheless be denied. Plaintiffs object to the portion of the R&R which recommends that sanctions not be imposed given Defendant's apparent violation of Rule 26(g). Defendant agrees with the ultimate conclusion of the R&R but objects to the section discussing counsel's discovery violations.

The court has reviewed the parties' briefs, the R&R, and the parties' objections and concludes that hearing is not necessary. The court agrees with the proposed

finding of the Magistrate Judge that Defense counsel committed a discovery violation but concludes that sanctions must be imposed for this violation under Rule 26. The court will adopt in part the R&R, sustain in part Plaintiffs' objections, and award Plaintiffs attorneys' fees as a sanction for Defendant's overbroad discovery requests.

## I. STANDARD[1]

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(3).

## II. DISCUSSION

### A. Rule 26(g) Violation

The R&R contains the proposed finding that Defense counsel "ran afoul" of Rule 26 yet suggests that Plaintiffs' motion for sanctions be denied. (ECF No. 51, PageID.1226.) Such a recommendation is not supported by Rule 26 or case law. The

---

[1] Defendant references the court's order referring the instant motion to the Magistrate Judge which implies that the motion should be "determined" by the Magistrate Judge. (ECF No. 54, PageID.1263-64.) That direction in the court's referring order was in error. However, the Magistrate Judge correctly issued a Report and Recommendation for the undersigned judge to review *de novo*. *See Fharmacy Records v. Nassar*, 465 F.App'x 448, 455 (6th Cir. 2012); *see also Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 967 (6th Cir. 2018) ("Sanctions . . . count as dispositive matters, requiring fresh review.").

Sixth Circuit has held that sanctions are mandatory when a Rule 26(g) violation occurs. *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 741 (6th Cir. 2002) ("Sanctions under Rule 26(g)(3) are not discretionary if the district court finds that a discovery filing was signed in violation of the rule."). Thus, if a Rule 26(g) violation occurs, the court must impose sanctions.

The court agrees with the Magistrate Judge's assessment of Defense counsel's conduct expressed in Part D of the R&R. Defense counsel's requests for production of documents were exceptionally broad. For example, the definition of "document" was over a page, the 98 separate requests all began with the boundless phrase "any and all," and the requests for production did not limit the time or scope of these requests. (ECF No. 41-2.) Document requests should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive." *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018) (Goldsmith, J.). Moreover, document requests which seek "everything under the sky" are "anything but appropriate." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-88 (2004). But this is precisely what Defendant's discovery requests sought to do.

The R&R contains several examples of Defendant's overbroad discovery requests. One especially poignant example of these all-encompassing requests is Request No. 70 in which requests: "Any and all DOCUMENTS in Plaintiff's possession, custody, or control which reflect or relate to any meetings Plaintiffs, Plaintiff's employees, or Plaintiff's agents had with Darren Kelly including any handwritten or typed notes." (ECF No. 41-2, PageID.786.) This request is unbounded by time, relevance, or reason. It would take an extreme "subjective guessing game" to

3

understand whether a document—as broadly defined in the request—relates to "any" meetings that anyone involved with Plaintiffs had with Defendant. The court agrees with the proposed finding of the Magistrate Judge that such requests, of which Request No. 70 is but one example, violate Rule 26.

Defendant objects to this portion of the R&R, claiming that counsel's requests were all related to an issue in the case and explicitly cabined to the time of Defendant's employment. (ECF No. 53, PageID.1253.) However, the plain language of Defendant's requests for production does not support counsel's position; nothing in Defendant's document request provides a timeframe limitation. (ECF No. 41-2.) The court agrees with the Magistrate Judge that such boundless requests "run afoul" of Rule 26(g).

### B. Duty to Mitigate or Object

While the court agrees that a discovery violation occurred, the court disagrees with the portion of the R&R which suggests that Rule 26(g) requires cost mitigation and prohibits Plaintiffs from recovering. Rule 26(g) contains no clear, *per se* requirement that a party seeking sanctions must mitigate costs. The analysis of the R&R focuses on mitigation requirements for Rule 11 sanctions, but the connection between Rule 11 and Rule 26(g) sanctions is tenuous. Though Rule 26(c)(1) provides guidance for the filing of a protective order to curtail excessive discovery requests, the court is not persuaded that mitigation, specifically through the filing of a protective order, is *required* to award sanctions under Rule 26 based on the plain text of the rule. Nor is the court persuaded by the decades-old, nonbinding district court case cited by the Defendant and the Magistrate Judge which generally states—without legal support—that sanctions under Rule 11 and Rule 26 should be treated similarly. *See, e.g., Bergeson v. Dilworth*, 749

F.Supp. 1555, 1567 (D. Kan. 1990). To the contrary, the Sixth Circuit has differentiated between sanctions under Rule 11 and sanctions under Rule 26(g), explaining that Rule 11 sanctions *do not* apply to sanctionable conduct related to discovery. *Jones v. Ill. Cent. RR.*, 617 F.3d 843, 856 (6th Cir. 2010). If Rule 11 sanctions do not apply to the instant discovery issues, it also stands to reason that the mitigation requirement under Rule 11 is similarly inapplicable. The court will not read in to Rule 26(g) a mitigation requirement which is not apparent from the face of the Rule. *See generally FCC v. Fox TV Stations, Inc.*, 567 U.S. 239, 253 (2012) ("A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required.").

The Magistrate Judge and Defendant suggest that Plaintiffs should have made formal objections to Defendant's discovery requests. (ECF No. 51, PageID.1224; ECF No. 54, PageID.1261.) While the court agrees—as more fully explained in the next section—with the premise that Plaintiffs' *should* have filed a motion for a protective order at the time Defendant made the overbroad requests, the court finds no *per se* requirement in the text of Rule 26(g) which makes the filing of a protective order mandatory prerequisite to moving for sanctions. Nevertheless, the court does consider counsels' failure to seek a protective order in its calculation of a reasonable amount to award as a sanction.

### C. Calculation of Sanctions

Discovery sanctions are intended to deter excessive discovery. *See NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (explaining that the purpose of sanctions is "not merely to penalize those whose conduct may be deemed to warrant such a

5

sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."). For the reasons explained above, Defendant's boundless, blanket requests amount to a violation of the rules of civil procedure, and "appropriate" sanctions must be imposed as a result. Fed. R. Civ. P. 26(g).

The court exercises its discretion in fashioning an appropriate sanction. *See Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996). In support of their motion, Plaintiffs submit substantiating documentation stating that they incurred $21,035.50 in costs associated with retaining a document review firm and $90,000 in attorneys' fees related to this case. (ECF No. 41-7; ECF No. 41-8.) Plaintiffs' motion asks for only $70,000 in attorneys' fees, but it is not clear from the briefing why Plaintiffs request this amount. (ECF No 41, PageID.752.) Do Plaintiffs mean to imply that they incurred $70,000 in attorneys' fees exclusively in the preparation of their responses to Defendant's request for production? If so, counsel's affidavit does not make clear whether his requested fees are those incurred in conducting *all* discovery and document requests for this case or whether his requested fees are specifically tailored to the discovery violation at issue; counsel's affidavit simply states that he generated fees in relation to "the collection, review, and production of documents responsive to requests for production." (ECF No. 41-8, PageID.873.)

Additionally, Plaintiffs' briefing fails to demonstrate is that these fees would *not* have been incurred but for Defendant's overbroad discovery requests. The same is true of the receipts from the document review firm Plaintiffs hired to assist with discovery. Litigating any case necessarily requires a party to incur fees and costs related to discovery, and retaining outside assistance for document review is not uncommon in

6

litigation practice. But based on the information presented, the court is not persuaded that the fees and costs requested by Plaintiffs in the instant motion proportionally represent the costs they unduly incurred as the direct result of responding only to Defendant's overbroad document requests. Rather, Plaintiffs appear to request the total costs associated with conducting discovery in this case, which is not a reasonable sanction.

Had Plaintiffs filed a motion for a protective order at the time Defendant's first requested the offending discovery, many of the costs incurred by Plaintiffs could have been avoided. While the court agrees that Defendant's conduct warrants some sanction, the court is troubled by the fact that Plaintiffs' filed the instant motion only after receiving a favorable summary judgment ruling. Had Plaintiffs' timely sought a protective order, the court estimates that an associate attorney would have devoted 40 hours to briefing such a motion. Multiplying that time by associate counsel's hourly rate of $150 (ECF No. 41-8, PageID.874), which the court accepts as reasonable for an attorney of Ms. Lurie's experience and education, Plaintiffs could expect to incur $6,000 in attorneys' fees. Perhaps counsel made an economical decision not to file a motion for a protective order; after all, Rule 26 imposes no requirement to do so. But be that as it may, the court cannot find that a reasonable sanction in this case should exceed the estimated cost of attorneys' fees associated with filing a motion for a protective order. Thus, while the court finds no *per se* duty to mitigate under Rule 26, the court concludes that the conduct of counsel is relevant to fashioning a reasonable sanction for discovery violations, particularly given Plaintiffs' decision to move for sanctions post-judgment.

### III. CONCLUSION

The court agrees with the proposed finding of the Magistrate Judge that Defendant's discovery requests were overbroad and amounted to a violation of Rule 26. However, the court disagrees that Plaintiffs must prove mitigation before the court can award sanctions such discovery misconduct. For the reasons explained above, the court will overrule in part the R&R, sustain in part Plaintiffs' objections, and grant Plaintiffs' motion for sanctions. Accordingly,

IT IS ORDERED that the R&R (ECF No. 51) is ADOPTED IN PART. It is ADOPTED as to its recommendation that Defense counsel violated Rule 26. It is OVERRULED as to its recommendation that sanctions not be imposed.

IT IS ORDERED that Plaintiffs' objections (ECF No. 52) are SUSTAINED IN PART and that Defendant's objections (ECF No. 51) are OVERRULED.

FINALLY, IT IS ORDERED that Plaintiffs' motion for sanctions (ECF No. 41) is GRANTED. Plaintiffs are AWARDED $6,000 in attorneys' fees.

                                                  s/Robert H. Cleland            /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  August 21, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 21, 2020, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522